## UNITED STATES ex rel. PANTANO v. CORSI, Commissioner of Immigration.

### No. 464.

Circuit Court of Appeals, Second Circuit.

June 5, 1933.

Nicholas De Pasquale, of New York City, for appellant.

George Z. Medalie, U. S. Atty., of New York City (William Jay Hoff, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The relator is an alien of Italian nationality, who came to Canada in 1924 and within a month after his arrival crossed the border and entered the United States illegally and without inspection. He remained here until 1931, when he made a visit to Italy, returning on a vessel which arrived at the port of New York on July 11, 1932. He presented a re-entry permit which proved to have been fraudulently obtained. After hearings before a board of special inquiry at Ellis Island, he was ordered excluded as a quota immigrant not in possession of a quota immigration visé. 8 USCA § 213. The order of exclusion was affirmed, on appeal, by the Department of Labor, July 21, 1932.

These facts and the fairness of the hearing accorded him by the board of special in-

quiry are admitted. The statute clearly authorized the exclusion order directing his return to the country whence he came. 8 US CA §§ 153, 154. Indeed, his petition for a writ of habeas corpus does not question the order of exclusion but asserts only that he should be deported to Canada rather than to Italy. Whether he should be sent back to Canada, assuming that country would receive him, or to Italy, whence he last sailed, is a matter within the discretion of the Secretary of Labor; and even if it be assumed that an abuse of discretion may be reviewed, none is shown. 8 USCA § 156; United States ex rel. Karamian v. Curran, 16 F.(2d) 958 (C. C. A. 2); United States ex rel. Giletti v. Commissioner, 35 F.(2d) 687 (C. C. A. 2).

■ If this were all, the dismissal of the writ would be so plainly right as to require no further discussion. But on this appeal the relator has abandoned the ground taken in his writ, and has argued only that there was error in the procedure of his arrest and detention for deportation. His brief asserts that, after his testimony before the board of special inquiry, he was indicted for violation of section 22 of the Immigration Act of 1924 (8 USCA § 220), based on the fraudulent reentry permit, and during the pendency of this criminal proceeding was released on bail furnished to the District Court; thereafter he pleaded guilty, received and served a thirty-day sentence in the federal detention prison, and at the expiration thereof was taken into custody by the immigration authorities without the issuance of any warrant of arrest. These facts do not appear in the record, except that the appellee's return to the writ of habeas corpus mentions the relator's plea of guilt to the said indictment and the imposition of the aforesaid sentence; but none of them is denied. The appellee contends that they are immaterial, since the appellant was never allowed to, and never did, "enter" the United States, but was at all times under custody. It is urged that the prison bounds of Ellis Island were merely enlarged, as in Kaplan v. Tod, 267 U. S. 228, 45 S. Ct. 257, 69 L. Ed. 585. Cf. United States ex rel. La Barbera v. Commissioner, 61 F.(2d) 573 (C. C. A. 2). To this the appellant replies that, while he was released on bail and while serving his sentence, he was not subject to be taken back to Ellis Island at the will of the immigration officials, so his situation

was not the same as that of the alien in Kaplan v. Tod. While this must be conceded, it is nevertheless true that the relator was always subject to control by the government. He was not free to go where he pleased. Section 155, under which the relator contends his deportation must proceed, contemplates that the alien shall have "entered" or be "found" in the United States after "entry." We think it may be said here as in Kaplan v. Tod that the alien neither entered nor was found here within the meaning of that section.

■ Moreover, it is impossible to see wherein the appellant could obtain any substantial benefit if his contention were sustained. If it were held that he "entered," when he was turned over to the officials of the Department of Justice, he would be subject to deportation for having entered without a quota immigration visé. The evidence to sustain the charge would be the identical evidence, his own testimony, already given before the board of special inquiry. The fact that no warrant of arrest was issued and no repetition of the testimony given before another board of inquiry is at most a purely formal irregularity which cannot prejudice the alien's rights. The object of a writ of habeas corpus is to determine whether the prisoner can be lawfully detained "and if sufficient ground for his detention be shown he is not to be discharged for defects in the original arrest or commitment." Bilokumsky v. Tod, 263 U. S. 149, 158, 44 S. Ct. 54, 68 L. Ed. 221. Even if the detention were held to be irregular, the District Court would be instructed not to discharge the relator until the Secretary of Labor shall have had an opportunity to initiate another proceeding for deportation. Mahler v. Eby, 264 U. S. 32, 46, 44 S. Ct. 283, 68 L. Ed. 549; United States ex rel. Zaffarano v. Corsi, 63 F.(2d) 757 (C. C. A. 2). The appellant would gain nothing by sustaining his contention. In our opinion it is not well founded, and the procedure of deporting him under the original exclusion order was correct. This appears to have been the procedure followed in United States ex rel. Karamian v. Curran, 16 F.(2d) 958 (C. C. A. 2), although the point now under discussion was not there raised.

Order affirmed.