**UNITED STATES ex rel. METASSARAKIS v. REIMER, Commissioner of Immigration.**

District Court, S. D. New York.
Aug. 22, 1934.

David Pontak, of New York City, for petitioner.

Martin Conboy, U. S. Atty., and Elizabeth S. Rogers, Asst. U. S. Atty., both of New York City, for respondent.

CAFFEY, District Judge.

The alien stole the birth certificate of Nathan Silverman. By using this and committing forgery he obtained a passport to go abroad. Upon arrival at the port of New York on December 7, 1933, he was detained. Upon a hearing before a board of special inquiry on December 8, on his own admissions, he was found guilty of the fraud. Accordingly, he was denied admission. This decision was affirmed by the Secretary of Labor.

The alien was prosecuted in this court for the crime described. He pleaded guilty, and was sentenced to three months in prison. From December 9, 1933, when he was turned over by the Labor Department to the Department of Justice, for the purpose of the criminal proceedings, until June 18, 1934, when he finished the service of his sentence, he was out of the physical custody of the Labor Department. On June 18, when released from the United States House of Detention, he was returned to the custody of the Labor Department and has since been held on Ellis Island.

The sentence was imposed in this court on March 19, 1934. Preceding that date for a time he was enlarged on bail, and, as is stated by his counsel, at some time between December 9, and March 19, with the consent of one of the judges of this court, he made a trip to Florida.

Neither on December 7, 1933, when he reached this country, nor at any time since, has the alien entered the United States. During his absence from Ellis Island from December 9, when he passed into the charge of the United States marshal, until June 18, when he returned to Ellis Island, he was never out of the custody of the officials of the United States nor did his admission to bail or his trip to Florida in any sense constitute an entry into the United States.

On the facts, I think it clear that the alien was properly excluded and that the case is governed by, as well as indistinguishable from, United States ex rel. Pantano v. Corsi (C. C. A.) 65 F.(2d) 322.

In the petition the relator prays that what is referred to as the "deportation" of the alien be stayed "until a warrant of deportation is issued and a proper passport secured, and in the event no passport is secured within the time to be fixed by this court, that pending its issuance the relator be discharged from custody."

The jurisdiction of the court in a matter of this kind is confined to an inquiry as to whether there has been due process. Not alone has the alien had a fair hearing, but the record (which I have examined in its entirety) establishes clearly that he has been treated with great consideration. Incontrovertibly he should be excluded. It follows that there is no foundation for the issuance of a stay, even though the court were vested with power to grant a stay upon a proper

showing. The court would trespass upon the domain assigned by law to the Labor Department, if it were to undertake to determine whether or not there shall be delay in the departure of the alien from New York previous to receipt by him of the passport he is seeking from the government of Turkey. So also, as I see it, it would be an impertinence for this court to make a recommendation to executive officials of the government on the subject.

The papers put before me indicate that both the government officials and the steamship line concerned are fully acquainted with the circumstances. In view of the appeal made to me at the court hearing by counsel for the alien, I venture the suggestion to him that his sole remedy is further presentation, if he desires to make it, of his request to the government officials, the Turkish government, and the steamship line.

Writ dismissed.