### CZUCZKA v. RIFKIND, U. S. District Judge.

Circuit Court of Appeals, Second Circuit.
Feb. 19, 1947.

Wachtell, Manheim & Grouf, of New York City (Hans Harnik and Harold Manheim, both of New York City, of counsel), for petitioner.

Louis Steinberg, of New York City (Alvin Lieberman, of New York City, of counsel), for respondent.

Before L. HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

Ours is an appellate court, without power in ordinary circumstances to control the administration of the district court. We may not, by mandamus, interfere with that administration except in aid of our appellate jurisdiction. When a district judge arbitrarily refuses to hear a case, we may require him to do so.[1] But here the judge merely denied a motion to expedite a hearing, and with leave to renew the motion in six months. It is irrelevant that, had we been sitting in the court below, we might not have been satisfied with the vague statement by the government officer of the reasons for the considerable delay in concluding the investigation.

We are not now deciding whether a further postponement at the end of the six months, with no more satisfactory explanation, would be the equivalent of an arbitrary refusal to hear, so as to justify our interference. It is conceivable that such an equivalence would exist were there such an inadequately justified delay for close to twenty-five months after the filing of a naturalization application by an alien married to a citizen, in the light of the Congressional policy embodied in the statutory provision that such an alien may apply for citizenship at the end of two rather than five years. However, we seriously doubt whether, at the expiration of six months, if Czuczka then renews his motion, the district court will permit further delay on the mere statement by the officials that more time is needed for investigation.

Petition denied.

---

[1] See, e. g., Schwab v. Coleman, 4 Cir., 145 F.2d 672, 156 A.L.R. 355.