## Application of WEBER.

United States District Court
S. D. New York.

Dec. 14, 1950.

Irving H. Saypol, U. S. Atty., New York City, Louis Steinberg Dist. Counsel, U. S. Department of Justice, New York City (Oswald I. Kramer, New York City, of counsel), for respondent District Director, Immigration & Naturalization Service.

Carol King, New York City, for petitioner.

McGOHEY, District Judge.

The petitioner seeks an order directing that his petition for naturalization filed October 9, 1949, be placed on the calendar for the District Director of Immigration and Naturalization.

■ The petitioner, a native and national of Germany, lawfully entered the United States for permanent residence on April 4, 1937. On November 3, 1940, he married a naturalized citizen. Thereafter, on January 28, 1943, he petitioned to be naturalized himself. In the course of the ensuing investigation he stated under oath, on August 25, 1945, that for about six months in 1938 he had been a member of the Communist Party in New York. On August 7, 1946, just about a year after his disclosure, a warrant of deportation was issued against him. After a hearing held two years later, in 1948, the Commissioner found him deportable and, on September 20, 1949, his appeal was dismissed by the Board of Immigration Appeals. In the meantime, on June 9, 1949, he had consented to dismissal of his then pending naturalization petition. But he filed a new petition for naturalization on October 9, 1949, subsequent to the Board of Appeals decision in the deportation proceedings. It is this petition which he now asks to have put on the calendar for hearing. On February 20, 1950, the

Supreme Court[1] construed the Administrative Procedure Act[2] to apply to deportation hearings. The deportation hearings in petitioner's case concededly were not in accordance with that Act.

The Commissioner opposes the petition on four grounds: first, that more time is needed to investigate the petitioner; second, that petitioner is an alien enemy, and thus final hearing on his petition must be "continued * * * for so long as the Commissioner may require";[3] third, that more time is needed to retry the deportation issue as required by the decision in Sung v. McGrath; fourth, that the Internal Security Act of 1950, 8 U.S.C.A. § 729(c),[4] prohibits a final hearing on naturalization if the petitioner is the subject of pending deportation proceedings. The petitioner asserts that the Internal Security Act of 1950 is unconstitutional.

In the view I take, I do not reach the constitutional question. I find nothing in the Internal Security Act to support the District Director's position. It amounts to the assertion that he can indefinitely keep this petitioner from having a determination on his status. To be sure, it is not so boldly stated but it comes to that none the less. He offers no suggestion as to when the deportation proceedings will be reinstituted in conformity with the Administrative Procedure Act. For all that appears, those proceedings are reposing in some limbo of forgotten controversies. His asserted need for further investigation of the petitioner is not persuasive. The investigation already made presumably elicited all the facts deemed necessary to support the prior finding of deportability made in 1948. And another year has passed since the pending petition for naturalization was filed. Four years is surely enough time for investigation in the absence of some compelling reason showing the contrary. No showing of any kind is made here.[5]

It is true the Commissioner is entitled to ninety (90) days' notice of the calendaring of the naturalization petition, and that there must be continuance of the hearing "for so long as the Commissioner may require."[6] But this does not mean that the Court must grant an unexplained and unjustified request for continuance. The Director must show why he needs more time.[7] His powers must be exercised reasonably.[8] This petitioner is entitled to have some decision on his status and to have the chance to appeal from an adverse decision. It may well be that the Director will be able to satisfy the Naturalization Court that he is acting reasonably, and he may justify the grant of more time. He has not done so here.

Accordingly, this petition is granted. The order to be entered will provide that the application for naturalization shall be placed on the calendar of the Naturalization Court for a term to be held not more than ninety (90) days from the date of the order.

Submit order.

1. Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445.
2. 5 U.S.C.A. § 1001 et seq.
3. 8 U.S.C.A. § 726(b).
4. Pub.L. No. 831, 81st Cong., 2d Sess.
5. Cf. Czuczka v. Rifkind, 2 Cir., 160 F.2d 308.
6. 8 U.S.C.A. § 726(b).
7. Schwab v. Coleman, 4 Cir., 145 F.2d 672, 156 A.L.R. 355.
8. Cf. United States ex rel. Potash v. District Director, 2 Cir., 169 F.2d 747; Czuczka v. Rifkind, supra.