## KAPLAN *v.* TOD, COMMISSIONER OF IMMIGRATION.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 241. Argued January 26, 1925.—Decided March 2, 1925.

1. Section 2172 of the Revised Statutes, by which naturalization of parents extends to minor children "if dwelling in the United States," does not apply where a child was rightly denied entry as a feeble-minded person and ordered deported but permitted, under special safeguards, to remain in this country with her father while the deportation was temporarily suspended because of the late war. P. 229.

2. Under the above circumstances, the alien, properly speaking, has not "entered" the United States and is not "found" there but is in custody at the limit of jurisdiction awaiting the order of the authorities; consequently the limitation of five years upon liability to deportation (Act of February 5, 1917, c. 29, §19, 39 Stat. 889) is inapplicable. P. 230.

Affirmed.

APPEAL from an order of the District Court dismissing a petition for *habeas corpus*.

*Mr. James Marshall,* with whom *Mr. Louis Marshall* was on the brief, for appellant.

*Mr. Assistant Attorney General Donovan,* with whom *Mr. Solicitor General Beck* was on the brief, for appellee.

Mr. Justice Holmes delivered the opinion of the Court.

This is an appeal from an order dismissing a petition of the appellant for a writ of *habeas corpus.* The petition alleges that the petitioner is a citizen of the United States, and that she is unlawfully detained by the respondent under a warrant of deportation issued by the Assistant Secretary of Labor, without jurisdiction and without due process of law contrary to the Fifth Amendment of the Constitution of the United States. An appeal was taken directly to this Court on the alleged infringement of the appellant's constitutional rights. *Chin Yow* v. *United States,* 208 U. S. 8, 13. *Ng Fung Ho* v. *White,* 259 U. S. 276, 284.

The appellant was born in Russia. On July 20, 1914, being then about thirteen years old, she was brought to this country, where her father already was, by her mother. Upon examination she was certified to be feeble minded, and was ordered to be excluded, but before the order could be carried into effect the European war had begun. Deportation necessarily was suspended, and she was kept at Ellis Island until June, 1915. In the latter half of that month she was handed over to the Hebrew Sheltering and Immigrant Aid Society upon its undertaking to accept custody of the child until she could be deported safely, to return her when required, and meanwhile to prevent her becoming a public charge. The Society allowed her to live with her father, which she has done ever since. On December 14, 1920, her father was naturalized, she being then about nineteen. The warrant of deportation was issued on January 19, 1923; the writ of *habeas corpus* was allowed on April 24, and was dismissed on the following October 9.

It is not questioned that the appellant rightly was denied admission in July, 1914, or that she is feeble minded

still. Act of March 26, 1910, c. 128; 36 Stat. 263. But it is said that she became a citizen by the naturalization of her father while she was a minor and in this country, Rev. Stats. § 2172, and that she cannot be deported upon a warrant issued more than five years after her entry into the United States. Act of February 5, 1917, c. 29, § 19; 39 Stat. 874, 889; Act of February 20, 1907, c. 1134, § 20; 34 Stat. 898, 904. The answers to both arguments are much the same. Naturalization of parents affects minor children only " if dwelling in the United States." Rev. Stats. § 2172. The appellant could not lawfully have landed in the United States in view of the express prohibition of the Act of 1910 just referred to, and until she legally landed " could not have dwelt within the United States." *Zartarian* v. *Billings,* 204 U. S. 170, 175. Moreover while she was at Ellis Island she was to be regarded as stopped at the boundary line and kept there unless and until her right to enter should be declared. *United States* v. *Ju Toy,* 198 U. S. 253, 263. When her prison bounds were enlarged by committing her to the custody of the Hebrew Society, the nature of her stay within the territory was not changed. She was still in theory of law at the boundary line and had gained no foothold in the United States. *Nishimura Ekiu* v. *United States,* 142 U. S. 651, 661. She never has been dwelling in the United States within the meaning of the Act. Still more clearly she never has begun to reside permanently in the United States within the later Act of March 2, 1907, c. 2534, § 5; 34 Stat. 1229. *United States ex rel. Patton* v. *Tod,* 297 Fed. 385, affirming s. c. 292 Fed. 243., *United States ex rel. De Rienzo* v. *Rodgers,* 185 Fed. 334.

The later of the limitation acts, the Act of February 5, 1917, c. 29, § 19, 39 Stat. 874, 889, applies to ' any alien who at the time of entry was a member of one or more of the classes excluded by law ' and to ' any alien who shall have entered or who shall be found in the United

States in violation of this Act.' For the reasons already stated the appellant never has entered the United States within the meaning of the law, and is not properly described in the warrant as ' found in the United States in violation of the immigrant authorities.' Theoretically she is in custody at the limit of the jurisdiction awaiting the order of the authorities. It would be manifestly absurd to hold that the five years run in favor of one held at Ellis Island for deportation, and as we have said the position of the appellant is the same.

*Order affirmed.*