24 F.(2d)—31½

MANIGLIA v. TILLINGHAST, Commissioner of Immigration.

Circuit Court of Appeals, First Circuit.
March 5, 1925.

No. 2165.

Aliens ⬦⇒46—Immigrant found inadmissible on grounds other than defects in immigration visas held not within class admissible in dis-cretion of Secretary (Immigration Act 1924, § 13 [d]; 8 USCA § 213).

The discretionary power given the Secretary of Labor by Immigration Act 1924, § 13, subd. (d), being 8 USCA § 213, to admit immigrants inadmissible because of certain defects relating to immigration visas, does not apply to a case where the immigrant, after a fair hearing, has been found inadmissible on other grounds.

Appeal from the Circuit Court of the United States for the District of Massa-chusetts; Elisha H. Brewster, Judge.

Petition by Calogero Maniglia against Anna C. M. Tillinghast, Commissioner of Immigration, for writ of habeas corpus. From a decree denying the writ, petitioner appeals. Affirmed.

Herbert S. Avery, of Boston, Mass., for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Gloucester, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is an application for a writ of habeas corpus by one who had been ordered to be deported. He arrived at the port of New York August 18, 1923, and was refused admission by a Board of Special Inquiry at Ellis Island on three grounds, namely: (1) That he was physically defective, being a deaf mute; (2) that he was likely to become a public charge; (3) that he obtained admission on an irreg-ular passport improperly issued to him as a citizen of the United States.

Upon appeal to the Commissioner of La-bor the decision of the board was affirmed. He then applied to the District Court for the Southern District of New York for a writ of habeas corpus, which court dismissed the petition. Appeal was then taken to the Cir-cuit Court of Appeals for the Second Cir-cuit. This appeal was afterwards with-drawn, and in March, 1925, he was surren-dered for deportation and placed on board the steamship Guiseppe Verdi April 4, 1925.

Upon application to the Department of Labor for a stay of the order of deportation, in order that his case might again be pre-

sented to it, the department denied the application.

Application was then made to the District Court for the District of Massachusetts for a writ of habeas corpus, upon which he was taken from the steamship at Boston. The petition for the writ was ordered dismissed, and the relator remanded to the immigration authorities, in an opinion which appears in 5 F.(2d) 680.

Upon the request for admission in the discretion of the Secretary of Labor for further hearing, a rehearing was had before a Board of Review in Washington, at which the relator claimed that the Secretary of Labor could admit him by virtue of the discretionary power granted by section 13, clauses (d) and (e), of the Immigration Act of May 26, 1924, c. 190, 43 Stat. 161 (8 USCA § 213). In its decision the Board of Review stated: "The alien arrived in this country with a United States passport, although the record clearly shows, and it is admitted by attorney, that alien was not entitled to such passport, because of the fact that he never resided in the United States, and could not have acquired United States citizenship through his father's naturalization. The father was not a citizen at the time of the alien's birth. Attorney asks that the case be reconsidered under the 1924 Immigration Act, and that the quota be adjusted under section 13. There is clearly no warrant in law for such action as this. Section 13, subdivisions (d) and (e), prescribe very definite conditions under which the quota may be adjusted. This case falls within neither of the two conditions named therein. Furthermore, alien's status must be determined under the laws in force at the time of his arrival, and not under an act which became effective a considerable time after his application for admission. Status is determined as of date of arrival. Tulsidas v. Insular Collector of Customs, 262 U. S. 258, 43 S. Ct. 586, 67 L. Ed. 969. Attorney in his brief argues that this decision is not applicable, but the board does not agree with his reasoning. Alien is also certified to be afflicted with deaf-mutism, which renders him inadmissible."

The relator then applied a second time to the District Court of Massachusetts for a writ of habeas corpus, which was denied, the judge of that court holding that the provisions of section 13 of the Immigration Act of 1924 do not apply to the relator's case, and that if they did "the facts of the case do not bring it within the statute. This is the only question which the court would now be justified in considering in view of prior adjudications, all of which have been adverse to the alien's claim of a right to admission."

The case presented here is an appeal from the decision of the District Court upon the second petition for a writ of habeas corpus.

The errors assigned are, in substance, that the court erred in refusing to review the proceedings before the Board of Special Inquiry in New York, and upon appeal to the Secretary of Labor, and to determine whether he had a fair hearing, and also in deciding that the conclusion reached by the Board of Review after the last hearing was right.

The judge who heard the second petition for the writ of habeas corpus also heard the first application for the writ. Upon the first application he held that, while the decision of the District Court for the Southern District of New York—that no ground existed for interference with the administrative proceedings taken with reference to the relator —was not res adjudicata, it had been a long-established practice that one court will not allow the writ after it has been refused by another court, unless a substantial change in circumstances is shown, and he evidently found that none had arisen.

It is not claimed in argument before us that the relator was not accorded a fair hearing by the immigration authorities and the Department of Labor, but that the District Court erred in sustaining the decision of the Board of Review that the provisions of section 13 of the act of 1924 do not apply, and holding, "if they did, the facts of the case do not bring it within the statute."

Subdivisions (a) and (d), section 13, of the Immigration Act of May 26, 1924 (8 USCA § 213), are as follows:

"Sec. 13. (a) No immigrant shall be admitted to the United States unless he (1) has an unexpired immigration visa or was born subsequent to the issuance of the immigration visa of the accompanying parent, (2) is of the nationality specified in the visa in the immigration visa, (3) is a nonquota immigrant if specified in the visa in the immigration visa as such, and (4) is otherwise admissible under the immigration laws. * * *

"(d) The Secretary of Labor may admit to the United States any otherwise admissible immigrant not admissible under clause (2) or (3) of subdivision (a) of this section, if satisfied that such inadmissibility was not known to, and could not have been ascertained by the exercise of reasonable diligence by, such immigrant prior to the departure of the vessel from the last port outside the

United States and outside foreign contiguous territory, or, in the case of an immigrant coming from foreign contiguous territory, prior to the application of the immigrant for admission."

It is claimed that the Secretary of Labor could exercise the discretion conferred upon him under this section although it was enacted after the immigrant applied for admission.

Section 31 (c) of the Act of May 26, 1924 (43 Stat. 169), is as follows:

"(c) If any alien arrives in the United States before July 1, 1924, his right to admission shall be determined without regard to the provisions of this Act, except section 23."

Section 23 (8 USCA § 221) in substance provides that the burden of proof shall be upon the alien to establish that he is not subject to exclusion, and that in any deportation proceeding the burden of proof shall be upon him to show that he entered the United States lawfully.

The relator is to be considered "as stopped at the boundary line" and kept there until his right to entry should be declared. Kaplan v. Tod, 267 U. S. 228, 230, 45 S. Ct. 257, 69 L. Ed. 585. See, also Tulsidas v. Insular Collector of Customs, supra. In United States ex rel. Ickowicz v. Day (C. C. A.) 18 F.(2d) 962, Judge Hand said: "The fact that this alien has learned to read since his arrival, and that he is self-supporting, does not negative the correctness of findings made by the Labor Department on his arrival, which have been fully tested by the former writ dismissed by * * * this court, which has been affirmed by the Circuit Court of Appeals." Upon appeal this decision of the District Court was affirmed by the Circuit Court of Appeals.

The relator in the present case was excluded by the immigration authorities because he had a physical defect of such a nature as to affect his ability to earn a living, and clearly belonged in the class of persons excluded by the immigration laws of the United States. This physical disability still continues, and, while he has been able to earn a living by following the trade of a barber, it is clear that this physical defect will be a serious handicap in his earning a living.

The Secretary of Labor was right in holding that the act of 1924 did not apply. Even if it were applicable, the exercise of discretion by the Secretary of Labor is not made mandatory by it. Its language is: "The Secretary of Labor *may* admit * * * if satisfied that such inadmissibility was not known to, and could not have been ascer-

tained by the exercise of reasonable diligence by, such immigrant prior to the departure of the vessel from the last port outside the United States and outside foreign contiguous territory." (43 Stat. 162.) The court below has found that the facts do not bring this case within the statute, and we think this finding was right.

The order of the District Court is affirmed.