**UNITED STATES ex rel. GAUDELLI v. MAXWELL, Commissioner of Immigration.**

District Court, D. New Jersey.

July 29, 1932.

Adrian Bonnelly, of Philadelphia, Pa., for relator.

Phillip Forman, U. S. Atty., of Trenton, N. J., and Oliver Randolph, Asst. U. S. Atty., of Newark, N. J., for respondent.

AVIS, District Judge.

An order of deportation has been made against the relator and warrant issued thereon. The writ of habeas corpus has stayed the execution of the warrant.

Respondent justifies the order of deportation on the ground that the relator entered the United States on May 11, 1925, without being in possession of an unexpired immigration visé. Relator claims that at the time of entry he was an American citizen, or his rights accrued immediately upon his entry, and as such he was not required to have a visé.

The court, after having heard and considered the testimony offered, arrives at the following conclusions of fact:

Giovanni Gaudelli, the father of relator, came to the United States from Alife, Italy, some time in the year 1901, and was naturalized by the state or county court at Amsterdam, N. Y., on August 4, 1906. He returned to Italy, either in 1908, 1914, or 1915; the date being variously stated in the proofs. He entered the Italian Army in 1915 or 1916, and after the war, continued to live in Italy, and has never returned to the United States. There is some suggestion in the testimony of relator that his father objected to being called to the Italian Army, claiming he was an American citizen, but there is no adequate proof of this fact, and nothing was produced indicating that he made any appeal to the representatives of the United States at that time. The wife and children of Giovanni Gaudelli, with the exception of the relator, have lived continuously in Italy, and have never been in the United States.

On January 10, 1929, the certificate of naturalization of Giovanni Gaudelli was, on proper proceedings, canceled in the United States District Court for the Northern District of New York.

The relator was born at Alife, Italy, on June 25, 1904. Although the application for his passport, executed in Italy July 24, 1924, states that he resided in the United States from 1910 to 1914, a period of four years, I am satisfied from relator's statements, and all of the evidence examined, that he was never in the United States until he came here under passport in 1925. Relator resided continuously in Italy until he sailed on the ship from which he landed in New York on May 11, 1925. Relator was 20 years of age when he entered the United States on a passport which was granted to him March 9, 1925. The application for this passport states the name of applicant's father; that applicant was born June 24, 1904; that the father emigrated to the United States in 1901; that the father resided fourteen years in the

United States, between the years 1901 and 1915; that the father was a naturalized citizen; that the applicant is a child of the person described in the naturalization certificate; that applicant had resided uninterruptedly in the United States for four years, from 1910 to 1914, at Amsterdam, N. Y.; and that applicant desired to return to the United States "to resume residence."

Having found the above as facts, the main questions raised and involved are whether the relator, at the time he entered the United States in 1925, was a citizen or had rights of citizenship, which accrued after his entrance, by reason of the fact that he was "dwelling in the United States."

The statute invoked by the relator reads as follows: "The children of persons who have been duly naturalized under any law of the United States, or who, previous to the passing of any law on that subject, by the Government of the United States, may have become citizens of any one of the States, under the laws thereof, being under the age of twenty-one years at the time of the naturalization of their parents, shall, if dwelling in the United States, be considered as citizens thereof; and the children of persons who now are, or have been, citizens of the United States, shall, though born out of the limits and jurisdiction of the United States, be considered as citizens thereof." 8 USCA § 7.

Under this law, it is quite certain that the actual citizenship of the child does not commence until he or she is dwelling in the United States. It does not have the effect of making a person a citizen who owes allegiance to some other sovereignty until actual entrance is made into this country. It confers a right of citizenship when its provisions are complied with. The result is that the relator was a citizen of Italy so long as he was actually resident therein.

The text and cases cited by counsel for the relator I deem to be good law. These hold that children of a naturalized citizen who, at the time of naturalization, live in a foreign country, have rights conferred upon them of becoming citizens by virtue of the parent's naturalization, if they subsequently dwell in the United States prior to the time they reach majority. This construction must be predicated, however, upon the child legally dwelling in the United States.

The line of cases, including and following Kaplan v. Tod, 267 U. S. 228, 45 S. Ct. 257, 69 L. Ed. 585, cited by counsel for the government, are all based upon the stopping of the child at the port of entry, and the denial of admission, because of some basic objection raised by statute, which prevents him or her from entering the United States.

I approve of the doctrine established by both lines of cases as they apply to the facts developed therein. The facts in the instant case are not parallel with the facts in either line of the decided cases.

The relator relied upon the citizenship of his father in 1925. I am doubtful if he was a citizen of the United States at that time, even though his certificate had not been canceled. The father probably left the United States within five years of his naturalization, and by remaining in Italy forfeited his citizenship. He apparently never had any intention of returning to the United States.

The application of relator for passport was falsified in many statements, and the relator fraudulently procured his passport, and by the same fraud gained entrance. If the father of the relator had forfeited his citizenship prior to 1925, the mere fact that his certificate of naturalization had not been canceled would not justify the claim of citizenship for relator at that time.

The relator could not have his "dwelling" in the United States, unless he had been legally admitted. The Immigration Act of 1924, § 13 (8 USCA § 213) required an immigration visé before admission.

I am doubtful if relator's father was a naturalized citizen in 1925. In any event, the court is satisfied that admission to the United States was gained by relator's fraud.

The petition will be dismissed and relator remanded to the custody of the immigration authorities for deportation.