## UNITED STATES ex rel. LA BARBERA v. COMMISSIONER OF IMMIGRATION et al.

### No. 109.

Circuit Court of Appeals, Second Circuit. Oct. 17, 1932.

George Z. Medalie, U. S. Atty., of New York City (Ralph E. Stone, Asst. U. S. Atty., of Mt. Kisco, N. Y., of counsel), for appellant.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

574

L. HAND, Circuit Judge.

The relator with his wife and three children came to this country from Italy in May, 1920, and was excluded by a board of special inquiry for bodily disabilities. While at Ellis Island, awaiting his return, one of his children died, and he was allowed to go to the burial in Brooklyn, in charge of an attendant. He got away from the attendant, disappeared, and was not retaken until July 24, 1931, when he was again ordered excluded under the original finding of the board of special inquiry. He sued out a writ of habeas corpus, asserting that, when he escaped, he entered the country though unlawfully; that the exclusion order was only to keep him out, not to deport him after he got in, and that five years having passed, it was too late to deport him. Section 19 of the Immigration Act of 1917 (8 USCA § 155). The Commissioner of Immigration's position was that in contemplation of law he was always in custody, had therefore never entered the country, and upon his arrest could be excluded as though he had been all the time at Ellis Island. In support of this he invoked the ruling of the Supreme Court in Kaplan v. Tod, 267 U. S. 228, 45 S. Ct. 257, 69 L. Ed. 585. Judge Mack sustained the writ and enlarged the relator.

Kaplan v. Tod was an exclusion case where it was impossible at once to send back the alien because of the war. She was therefore given into charge of a charitable institution and later into that of her father, with whom she stayed until she could be sent back. Like the relator at bar, she then argued that she had entered the country, and that her exclusion was in effect a deportation and too late. But the court said no; that though physically within the United States she had always been in charge of officials, though they had, as they might, made others her keeper, even her father. It was therefore as if she had stayed at Ellis Island till an opportunity came to execute the exclusion order. That decision has nothing to do with this situation, unless by a fiction we say that the alien was in custody when patently he was at large. How his case differs from that of one who has entered by stealth and secreted himself for five years we cannot see. Section 19 of the Immigration Act of 1917 limits by five years the power to deport an alien "who shall have entered * * * the United States in violation of this subchapter." The relator entered in fact; he got into the country free of restraint; he ought not to have, but he did. He did this in violation of law; that is of the order of the board of special inquiry, to which section 17 of the act (8 USCA § 153) gives power "to determine whether an alien who has been duly held shall be allowed to land or shall be deported;" and in violation of section 18 (8 USCA § 154), which provides that those "brought to this country in violation of law shall be immediately sent back."

We are referred to the decision of the District Court for the Southern district of New York in U. S. ex rel. Medaglia v. Corsi,[1] which it is said is to the contrary. If so, it necessarily follows that this must be overruled.

Order affirmed.

[1] Petition for dismissal of writ of habeas corpus granted. No opinion.