**UNITED STATES v. ANDREANO et al.**

No. 2973.

District Court, D. Rhode Island.

Jan. 28, 1941.

George F. Troy, U. S. Atty., and Edward M. McEntee, Asst. U .S. Atty., both of Providence, R. I., for plaintiff.

Benjamin Cianciarulo, of Providence, R. I., for defendants.

HARTIGAN, District Judge.

This is an action of debt on bond (that alien shall not become a public charge) brought by the United States of America against Francesco P. Andreano. There was no service of the writ on Frank Amore.

Gaetano Catalano, a minor aged sixteen years and a native of Italy, arrived in New York on May 3, 1923. He was unable to read the English language or any other language or dialect. Upon examination of the alien by a Board of Special Inquiry at the Ellis Island Immigrant Station, the board ordered his exclusion be-cause of his inability to read which made him inadmissible to the United States under the provisions of Section 3 of the Immigration Act of 1917, 39 Stat. 875, 877, 8 U.S.C.A. § 136, and also because the quota allotted to Italy under the provisions of the Act of May 19, 1921, as amended, 42 Stat. 5, 540, had been exhausted. The alien appealed from the order to the Department of Labor which affirmed said order but directed that the alien be temporarily admitted for a period of six months, provided he furnish a bond to insure that he would not become a public charge while in the United States and also would depart from the United States without expense to the United States before the expiration of said period of six months.

On May 16, 1923, in the City of Providènce, the defendants executed and delivered their bond in writing under their hands and seals whereby they as sureties, jointly and severally obligated themselves to the people of the United States of America in the sum of five hundred dollars upon condition, however, that if the said alien should depart from the United States, without expense to the United States, on or before the expiration of six months from the date of said bond, and if the Commissioner of Immigration at the port of New York should receive from said sureties at least five days prior to such departure, information as to the date of sailing and the name of the vessel by which said alien should so depart, then the obligation of the bond would be void, otherwise said bond was to remain in full force and virtue.

The alien did not depart from the United States without expense to the United States on or before the expiration of six months from the date of the bond and the Commissioner of Immigration at the port of New York did not receive from the said sureties or either of them, at least five days prior to such departure, information as to the date of sailing and the name of the vessel by which said alien so departed.

The defendants filed a plea setting forth several reasons denying a breach of the bond on their part. For the purpose of this case it is only necessary for the court to consider the following ground as set forth by the defendants: "1st. That Gaetano Catalano at the time of his entry into the United States was sixteen years of age and prior to his entry into the United States, his father, Constantino Catalano

had become an American citizen by virtue of a Certificate of Naturalization issued by the United States District Court for the District of Rhode Island at Providence, Naturalization Certificate No. 1754797 and dated January 17th, A. D. 1923."

The government produced several witnesses and introduced several exhibits at the trial.

Gaetano Catalano was deported on April 10, 1938, and a government witness testified that his deportation was at government expense.

The defendant, Andreano, introduced no evidence and the facts are not in dispute.

The defendants' attorney in his argument contended that the defendants were not liable on the bond because, as he said, "Gaetano Catalano's name appears on his father's naturalization papers and that Gaetano Catalano became a citizen the moment that he put his foot on American soil."

He furnished the court with no authorities to sustain this contention.

#### Findings.

I find that the bond is a joint and several bond.

I find that Gaetano Catalano did not depart from the United States without expense to the United States on or before the expiration of six months from the date of said bond and that he was deported at the expense of the United States.

I find that the Commissioner of Immigration at the port of New York did not receive from either surety on the bond, at least five days prior to Gaetano Catalano's departure, information as to the date of sailing and the name of the vessel on which Gaetano Catalano departed.

I find that the conditions of the bond were broken and not fulfilled by Francesco P. Andreano and that he is liable to the People of the United States of America in the full sum of the bond, to wit, five hundred dollars.

I find that neither Francesco P. Andreano nor Frank Amore has paid to the United States the sum set forth in said bond or any part thereof.

#### Conclusions of Law.

Gaetano Catalano, at the time he landed in the United States on May 3, 1923, did not become a citizen of the United States by the naturalization of his father which was granted by this court on January 29, 1921.

"Naturalization of parents affects minor children only 'if dwelling in the United States.' Rev.St. § 2172 [8 U.S.C.A. § 7]." Kaplan v. Tod, Commissioner of Immigration, 267 U.S. 228, 45 S.Ct. 257, 69 L.Ed. 585.

I direct that judgment be entered in favor of the United States of America against Francesco P. Andreano in the sum of five hundred dollars and costs.