## KNAUFF v. SHAUGHNESSY.

United States District Court
S. D. New York.

June 28, 1949.

cerned are engaged in interstate commerce.

608

Gunther Jacobson, New York City, for petitioner.

Louis Steinberg, Acting District Counsel, U. S. Department of Justice, Immigration and Naturalization Service, New York City (Alvin Lieberman, Atty., U. S. Department of Justice, Immigration and Naturalization Service, New York City, of counsel), for respondent.

LEIBELL, District Judge.

Petitioner is a native of Germany. Her maiden name was Ellen Boxhornova. During the war she was in Great Britain and served with the R.A.F. for three years. In 1945 she was employed by the American Military Government in the American Zone. On February 28, 1948 she married Kurt W. Knauff, an American citizen, who was honorably discharged by the United States Army and is serving with the American Military Government as a civilian employee. In August 1948 she left for the United States to become a naturalized citizen. When she arrived at the port of New York on August 14, 1948 she was excluded by direction of the Attorney General, for security reasons. The Attorney General was of the opinion that he had "no alternative to excluding her" because "she was formerly a paid agent for the Czechoslovakian Government, and reported on American personnel assigned to the Civil Censorship Division in Germany". Her husband then came to the United States and sued out a writ of habeas corpus for her release. Judge Hulbert dismissed the writ. On appeal to the United States Court of Appeals, Second Circuit, the order of dismissal was affirmed. U.S. ex rel. Knauff v. Watkins, 173 F.2d 599. Thereafter the United States Supreme Court granted a writ of certiorari, 336 U.S. 966; 69 S.Ct. 941, to review the decisions of the lower courts and Mr. Justice Jackson admitted her to bail pending the determination of her case in the Supreme Court. United States ex rel. Knauff v. Shaughnessy, 70 S.Ct. 309. The opinion of the Court of Appeals dealt fully with all her contentions, holding that she was properly excluded. The concluding paragraph of the opinion discussed her claimed right to apply for naturalization, and reads as follows: "Finally the appellant argues that she is in this country while being detained at Ellis Island and is entitled to apply for naturalization under the provisions of Section 312 of the Nationality Act of 1940, 8 U.S.C.A. § 712. Without intimating that we agree that her presence on Ellis Island while being held there under an order of exclusion is enough to put her 'in the United States' within the meaning of the above statute, we find it a sufficient answer to this contention to point out that whatever rights she may have under the naturalization laws do not exempt her from the scope of laws pertaining to the admission of aliens." [173 F.2d 604]

Does the fact that, pending the review of her case by the United States Supreme Court, she has been released from Ellis Island on bail, change her status any, so that she can now demand that she be permitted to apply for naturalization as a person "in the United States"? I do not believe so. The government cites a decision by Mr. Justice Holmes in Kaplan v. Tod, 267 U.S. 228, 45 S.Ct. 257, 69 L.Ed. 585, from which the following is quoted: "Moreover while she was at Ellis Island she was to be regarded as stopped at the boundary line and kept there unless and until her right to enter should be declared. United States v. Ju Toy, 198 U.S. 253, 263, 25 S.Ct. 644, 49 L.Ed. 1040. When her prison bounds were enlarged by committing her to the custody of the Hebrew Society, the nature of her stay within the territory was not changed. She was still in theory of law at the boundary line and had gained no foothold in the United States. Nishimura Ekiu v. United States, 142 U.S. 651, 661, 12 S.Ct. 336, 35 L.Ed. 1146."

The United States Supreme Court has not reversed the decision of the Court of Appeals, Second Circuit, in respect to

the petitioner, Ellen Knauff. The higher court has simply ruled that it will review that decision. Until it is reversed it is the law of the case and is binding on the District Court. The petition to this Court for an order directing the District Director of Immigration to receive the petition of Ellen Knauff for naturalization and to file the same, is therefore denied. Settle an order accordingly.