**KNAUFF v. SHAUGHNESSY.**

No. 78, Docket 21443.

United States Court of Appeals Second Circuit.

Argued Dec. 9, 1949.

Decided Jan. 25, 1950.

---

Gunther Jacobson, New York City, for appellant.

John F. X. McGohey, United States Attorney, William J. Sexton, Assistant United States Attorney and Louis Steinberg, District Counsel and Max Blau, Attorney, Immigration and Naturalization Service, United States Department of Justice, New York City, for appellee.

Before L. HAND, Chief Judge, and SWAN, and FRANK, Circuit Judges.

PER CURIAM.

The appellant is an alien, a native of Germany. She is the wife of a United States citizen who served in the armed forces during the Second World War and is now a civilian employee of the American Military Government in Germany. In August 1948 she came to the United States seeking admission as a "war bride" under the Act of December 28, 1945, 8 U.S.C.A. § 232 et seq. She was excluded without a hearing upon a finding by the Attorney General that her admission would be prejudicial to the public interest. Dismissal of a writ of habeas corpus attacking the validity of such exclusion was affirmed by this court and by the Supreme Court. United States ex rel. Knauff v. Watkins, 2 Cir., 173 F.2d 599; United States ex rel. Knauff v. Shaughnessy, 1950, 70 S.Ct. 309. Pending decision by the Supreme Court she was released on bond.

While she was in custody on Ellis Island under the exclusion order of the Attorney General, Mrs. Knauff filed on November 24, 1948 with the Naturalization Service a preliminary petition for naturalization claiming to be entitled to immediate naturalization under 8 U.S.C.A. § 712. The Naturalization Service refused to act on her preliminary petition as required by 8 U.S.C.A. § 733 and the regulations enacted pursuant to 8 U.S.C.A. § 727. 8 C.F.R. §§ 370.1, 370.2, 370.3. Consequently no date was set on which she could appear in the District Court and file her petition. In May 1949 she filed the present motion to compel the District Director to act on her preliminary petition so as to remove the obstacle to consideration of her petition for naturalization. The District Director appeared and asserted in opposition to the motion that she cannot file a preliminary petition nor be naturalized because she is not "in the United States", as

required by 8 U.S.C.A. § 712. The district court so held.

By refusing to act on the appellant's preliminary petition the appellee interposed an obstacle to the exercise of the district court's jurisdiction to naturalize, conferred by 8 U.S.C.A. § 701. Power to issue writs in aid of its jurisdiction is declared by 28 U.S.C.A. § 1651. In our opinion the court had jurisdiction to entertain the motion. See Czuczka v. Rifkind, 2 Cir., 160 F.2d 308; In re Linklater, D.C.Cal., 3 F.2d 691, 695. On the merits denial of the motion was plainly right. An alien who is stopped at the border is still in theory of law outside the country, even though physically allowed to enter on bond. Kaplan v. Tod, 267 U. S. 228, 45 S.Ct. 257, 69 L.Ed. 585. The lawfulness of her exclusion has now been established by the court of final resort. Since she is not "in the United States" she is not entitled to naturalization. Order affirmed.