JEW SING, Appellant,

v.

Bruce G. BARBER, District Director, Immigration and Naturalization Service, San Francisco District, Appellee.

No. 14146.

United States Court of Appeals
Ninth Circuit.

Sept. 8, 1954.

Joseph S. Hertogs, Jackson & Hertogs, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., Milton T. Simmons, Acting Dist. Counsel, Immigration & Naturalization Service, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

DENMAN, Chief Judge.

Jew Sing appeals from a decision of the district court denying without hearing his application to be released from the custody of Bruce G. Barber, acting as District Director of the San Francisco Immigration and Naturalization Service, hereafter Director Barber.

The application alleges that Jew Sing on October 14, 1947, arrived at the Port of San Francisco and then claimed admission as a native-born American citizen. His claim to be admitted was considered in exclusion proceedings during which he was released under bond. The proceedings were decided against him and after a delay of over six years he was notified on November 3, 1953, to surrender himself to Director Barber to be excluded by deportation as soon as travel accommodations could be provided. He is now in Director Barber's custody.

Prior to this, in September, 1953, Jew Sing filed an application for a stay of deportation under the provisions of 8 C.F.R. 243.3(h), 8 U.S.C.A. § 1253(h), alleging that deportation to China would subject him to physical persecution. The appellant was advised by the Immigration and Naturalization Service that Section 243(h) did not apply to his case.

■ Section 243(h), Immigration and Nationality Act, 8 U.S.C.A. § 1253(h) provides:

"The Attorney General is authorized to withhold deportation of *any alien within the United States* to any country in which in his opinion the alien would be subject to physical persecution and for such period of time as he deems to be necessary for such reason." (Emphasis supplied.)

The question is whether an alien seeking admission to the United States is "within the United States" while his application for such admission is under consideration and after it has been decided against him. We think not. His status as a person released by the immigration authorities on bond is still that of a person without the United States seeking admission. Kaplan v. Tod, 267 U.S. 228, 45 S.Ct. 257, 69 L.Ed. 585; United States ex rel. Ling Yee Suey v. Spar, 2 Cir, 149 F.2d 881; United States ex rel. Pantano v. Corsi, 2 Cir., 65 F.2d 322.

Jew Sing contends that the case of Ng Ling Chong v. McGrath, 91 U.S.App. D.C. 131, 202 F.2d 316, 317, holds the contrary. We do not agree. The Act there controlling the Attorney General, § 20 of 39 Stats. 874, 890, as amended 8 U.S.C.A. § 156, reads:

" 'No alien shall be deported under any provisions of this chapter to any country in which the Attorney General shall find that such alien would be subjected to physical persecution.' " 64 Stat. 1010.

■ This earlier § 20 provision contains no limitation to aliens other than those "within the United States" of the now applicable act. We are required to give effect and not make nugatory such significant changes in statutory provisions. United States v. Bashaw, 8 Cir., 50 F. 749, 753, 754.

The judgment is affirmed.