Elia Aida COHEN and Maria Teresa Carmen Perez

v.

William French SMITH, The Attorney General of the United States and Paul B. O'Neill, In His Official Capacity as District Director, U. S. Dept. of Justice, Immigration and Naturalization Service.

Civ. A. No. H–81–2575.

United States District Court, S. D. Texas, Houston Division.

March 17, 1982.

M. Edwin Prud'homme, and Peter D. Williamson, Williamson & Gardner, Houston, Tex., for plaintiffs.

Polly A. Kinnibrugh, Asst. U. S. Atty., Houston, Tex., for defendants.

## ORDER

CARL O. BUE, Jr., District Judge.

Plaintiff brought this suit pursuant to 5 U.S.C. § 702 (1966), seeking judicial review of an adverse administrative decision made by the Department of Justice, Immigration and Naturalization Service (hereinafter INS). Specifically, plaintiffs complain "of the refusal of the Attorney General and his subordinates to exercise their power to parole the plaintiff Maria Teresa Carmen Perez into the United States pursuant to the parole power given in Section 212(d)(5) of the Immigration and Nationality Act, 8

U.S.C. § 1182(d)(5)." Plaintiffs' Complaint and Request for Injunctive Relief at 1. The parties have filed now the following motions: (1) plaintiffs' motion for summary judgment; (2) plaintiffs' motion to supplement the administrative record; and (3) defendants' motion to dismiss and/or for summary judgment. The parties have filed also briefs in support of and in opposition to the aforementioned motions. For the reasons set forth herein, the Court denies the defendants' motion to dismiss, grants the defendants' motion for summary judgment, and denies the plaintiffs' motions for summary judgment and to supplement the administrative record.

### Introduction

Plaintiff Perez is a 76 year old Cuban refugee presently residing in Costa Rica. Her sister, Elia Aida Cohen, is a citizen of the United States of America residing in Houston, Harris County, Texas, and a plaintiff in this case. Whether plaintiff Cohen has standing to challenge the administrative decision in this case will be addressed later in this Order. On April 17, 1980, plaintiff Cohen filed a visa petition with the District Director of the United States Immigration and Naturalization Service in Houston, Texas on behalf of plaintiff Perez.[1] Subsequently, this petition was approved and plaintiff Perez became the beneficiary of an approved fifth preference visa petition. Because of the backlog of Cuban beneficiaries of approved fifth preference visa petitions awaiting the issuance of immigrant visas, however, a visa was not immediately available to plaintiff Perez.

On January 29, 1981, United States Congressman Bill Archer sent a letter to the Acting Commissioner of the INS in Washington, D. C., requesting that plaintiff Perez be admitted immediately into this country on humanitarian grounds. Apparently this letter was interpreted as a request for advance parole pursuant to 8 U.S.C. § 1182(d)(5) (1980). On February 4, 1981,

1. For an overview of the procedure to obtain an immigrant visa for certain enumerated preference groups, see generally Gordon and Rosenfield, Immigration Law And Procedure §§ 2.27f and 3.5 *et seq.* (rev. ed. 1981).

this request for advance parole was denied. On February 27, 1981, the Executive Assistant to the Acting Commissioner of Immigration mailed a letter to Congressman Archer setting forth the reasons for the Attorney General's decision to deny the request for advance parole. On October 2, 1981, the instant cause was instituted.

On October 8, 1981, plaintiffs' counsel, M. Edwin Prud'homme, wrote a letter to the then Acting Commissioner of the INS requesting reconsideration of plaintiffs' request for advanced parole in light of additional evidence. This request was subsequently denied and on October 27, 1981, plaintiffs' counsel was sent a letter from the Director of Refugee and Parole Division of the INS setting forth once again, the reason for the denial of plaintiffs' petition for advance parole.[2]

2. The letter, as received by plaintiffs' counsel, is set forth below:

Mr. Edwin Prud'homme
Attorney at Law
1011 Augusta, Suite 206
Houston, TX 77057
Dear Mr. Prud'homme:

This is in reply to your recent letter with enclosures from your client, Elia Aida Cohen, who requests a grant of the Attorney General's parole authority on behalf of her sister and niece so they may enter the United States without visas.

Beneficiaries of a visa petition submitted by Mrs. Cohen for her sister (due to quota backlogs) visas are not immediately available to them. Mrs. Cohen is concerned for her sister's well being in view of her age (74 years old) and the present condition of her health.

Since the advent of the Castro takeover of the Government of Cuba in 1959, over three quarter million citizens of Cuba have entered the United States. Many thousands of these people are still awaiting the arrival of other family members from Cuba and elsewhere.

During 1980, the State Department advised that over 11,000 beneficiaries of fifth preference petitions from Cuba are awaiting issuance of visas. Overall, the figure exceeds 1,050,000 persons, who are also awaiting visas.

Many thousands of these prospective immigrants are anxiously waiting to join family members and loved ones, who are aged, ill and/or infirm, or are themselves in such condition.

Insofar as citizens of Cuba are concerned, one can add untold numbers of relatives of the over 127,000 who arrived here during 1980, on the illegal boat lift via Mariel. All of these people are hoping for early reunification with family members or loved ones.

In addition, the Cuban Government has released for departure from Cuba, hundreds of their citizens who are in ill health, each of whose relatives are, like Mrs. Cohen, concerned for their welfare.

The evidence submitted does not establish that an emergency exists which is greater than that being faced by these hundreds of other ailing persons also awaiting family reunification.

While we are not unsympathetic to your client's wishes, this is not a situation where parole would be in the public interest, nor does it contain humanitarian factors beyond those contained in that of the many other similar cases pending before this Service.

For these reasons, we cannot approve your client's request.

Sincerely,
John L. Rebsamen
Director
Refugee and Parole

CC: Ms. Polly Kinnibrugh Assistant U.S. Attorney, So. District, Texas
*Official file*
CORAP Log
Mr. Daly
COEXM:JJDaly:oah 10/27/81

## Motion to Dismiss

Before addressing the merits of the cross-motions for summary judgment, the Court must dispose of the defendants' motion to dismiss pursuant to Rule 12(b)(3), Fed.R. Civ.P. In their motion, defendants request that this case be dismissed because of improper venue. Specifically, defendants contend that as plaintiffs' cause of action arose in Washington, D. C., the situs where the request for advance parole was directed, processed, reviewed, and denied, venue is improper in this district. Defendants contend also that as plaintiff Perez is in Costa Rica, she has no claim of residence in this district. In addition, defendants assert that plaintiff Cohen has no standing to challenge the administrative ruling at issue,[3] and that defendant O'Neill, District Director of the INS in Houston, Texas, is not properly a

3. Defendants do not challenge plaintiff Perez's standing to bring this suit on her behalf even though plaintiff Perez is not physically present in this Country, *see* Defendants' Memorandum in Support of Defendants' Motion to Dismiss and/or for Summary Judgment at 1 n.1, and

party defendant as he took no part in making the decision to deny plaintiffs' request for advance parole.

As this case involves defendants who are officers or employees "of the United States or any agency thereof acting in . . . [their] official capacity or under color of legal authority", venue is to be determined pursuant to 28 U.S.C. § 1391(e) (1976). Under this section, venue is proper "in any judicial district in which (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e) (1976).

Defendants first contend that plaintiff Cohen's residence should not be considered for purposes of determining venue in this case as plaintiff Cohen lacks standing to challenge the administrative ruling at issue. In advance of their argument, defendants rely upon the cases of *Gagliano v. Bernsen*, 243 F.2d 880 (5th Cir. 1957); *Dayao v. Staley*, 303 F.Supp. 16 (S.D.Tex.1969), *aff'd per curiam*, 424 F.2d 1131 (5th Cir. 1970), cases which the Court finds inapplicable to the case *sub judice.*

■■■ A party lacks standing to prosecute a suit in federal court only if he is not the "real party in interest" as that term is defined under Rule 17(a), Fed.R.Civ.P. The term real party in interest has been defined as "the party who, by substantive law, possesses the right to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *United States v. 936.71 Acres of Land, State of Florida*, 418 F.2d 551, 556 (5th Cir. 1969), citing, Barron and Holtzoff, Federal Practice And Procedure § 482 (Wright ed. 1961). *See also Lubbock Feed Lots, Inc. v. Iowa Beef Processors*, 630 F.2d 250, 257 (5th Cir. 1980); *Farbwerke Hoeschst A. G. v. M/V "Don Nicky"*, 589 F.2d 795 (5th Cir. 1979); *Proctor v. Gissendaner*, 579 F.2d 876 (5th Cir. 1978); *see generally* 3A Moore's Federal Practice ¶ 17.02 (2d ed. 1979). Consequent-

ly, a party has no standing to assert a right if it is not his own. *United States v. 936.71 Acres of Land, State of Florida, supra* at 556.

The Supreme Court has held that section 10 of the Administrative Procedure Act, 5 U.S.C. § 702 (1966), confers standing to obtain review of administrative actions upon those parties who allege "that the challenged action had caused them [an] 'injury in fact,' . . . to an interest 'arguably within the zone of interests to be protected or regulated' by the statutes that the agencies were claimed to have violated." *Sierra Club v. Morton*, 405 U.S. 727, 733, 92 S.Ct. 1361, 1365, 31 L.Ed.2d 636 (1972). *See United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 686–690, 93 S.Ct. 2405, 2415–2417, 37 L.Ed.2d 254 (1973); *Barlow v. Collins*, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970); *Association of Data Processing Service Organizations, Inc. v. Camp*, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). Specifically, section 702 states: "A person suffering legal wrong because of agency action, or adversely or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial relief thereof." 5 U.S.C. § 702 (1966).

■■■ Applying the Supreme Court's principles of standing to the instant cause, the Court concludes that plaintiff Cohen has standing to seek judicial review of the Attorney General's decision to deny plaintiff Perez advance parole. In the instant cause, the process of securing an immigrant visa for plaintiff Perez was initiated by plaintiff Cohen, the person who was vested with the right to file such a petition on her sister's behalf. *See* Gordon and Rosenfield Immigration Law and Procedure § 3.5d, 3–29 (rev. ed. 1981). Once such petition was approved, plaintiff Cohen, through the efforts of United States Congressman Bill Archer, requested advance parole for plaintiff Perez. Since this request was denied, the Court concludes that plaintiff Cohen

has no legal residence status. *Cf. Kaplan v. Tod*, 267 U.S. 228, 45 S.Ct. 257, 69 L.Ed. 585 (1925); *Siu Fung Luk v. Rosenberg*, 409 F.2d

555 (9th Cir. 1969), *cert. dismissed*, 396 U.S. 801, 89 S.Ct. 2151, 24 L.Ed.2d 58 (1969).

has been aggrieved by the agency action, and accordingly, has standing to pursue a review of the agency's action in this suit. Consequently, as plaintiff Cohen's residence in the Southern District of Texas vests this Court with proper venue in this case, *see* 28 U.S.C. § 1391(e)(4) (1976), the Court denies defendants' motion to dismiss for improper venue.

Having found that plaintiff Cohen has standing to pursue this action, and consequently, her residence can be considered for purposes of determining whether venue is proper in this district, the Court sees no reason to decide at this time whether defendant O'Neill is a proper party to this action, or whether the decision to deny plaintiffs' petition for advanced parole was made in the Houston Office or the Central Office of the INS.

*Motion To Supplement the Administrative Record*

In addition to their motion for summary judgment, plaintiffs have filed a motion to supplement the administrative record submitted by defendants in this cause. The administrative record as filed by defendants consists of certified copies of evidence, proceedings, and decisions in the INS with respect to plaintiff Perez, along with communications between the INS and United States Congressman Bill Archer and Mr. M. Edwin Prud'homme. Along with their motion, plaintiffs have submitted various documents which they contend should have been made part of the administrative record filed with the Court.

■■ It is axiomatic that in reviewing an administrative decision of an agency, the Court is restricted to the evidence properly presented to the agency. *Asarco, Inc. v. United States Environmental Protection Agency*, 616 F.2d 1153, 1160 (9th Cir. 1980); *American Iron and Steel Institute v. Environmental Protection Agency*, 568 F.2d 284, 296–97 (3rd Cir. 1977); *Cooperative Services, Inc. v. United States Department of Housing and Urban Development*, 562 F.2d 1292, 1295 (D.C.Cir.1977). *See also* Gordon and Rosenfield, Immigration Law And Pro-

cedure § 8.11b (rev. ed. 1981), and the cases cited therein. Bound by this restriction, the Court is compelled to deny plaintiffs' motion. Of the eleven documents submitted by plaintiffs, five of the documents were created after the Attorney General's decision to deny plaintiffs' request for advanced parole on February 4, 1981, and the decision on reconsideration issued approximately October 27, 1981. *See* Motion to Supplement The Administrative Record at 3, 6, 7, 11, 12. As to the remaining documents which include a newspaper article and a letter in Spanish, a copy of two certified mail receipts, a letter from the Vice Consul with the United States Embassy in San Jose, Costa Rica to United States Congressman Bill Archer dated July 29, 1980, and two telegrams from the United States Department of State, there is nothing more than plaintiffs' counsel's assertion to prove that such documents were in fact delivered, made a part of the administrative record, and considered by the Attorney General in making his decision to deny plaintiffs' request for advance parole. Accordingly, the Court denies plaintiffs' motion to supplement the administrative record.

*Motion for Summary Judgment*

■ Judicial review of the administrative action challenged in this case, i.e., the Attorney General's decision to deny plaintiffs' petition for advance parole, is sought pursuant to 5 U.S.C. § 706 (1966). Section 706 provides in relevant part:

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

\* \* \* \* \* \*

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; . . . .

Accordingly, the review by this Court is limited to insuring that the challenged action, i.e., the denial of the request for advanced parole, was not arbitrary or capricious, and was reached in accordance with relevant statutory and procedural requirements. 5 U.S.C. § 706(2)(A)–(D) (1976). *See also Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 410–421, 91 S.Ct. 814, 820–826, 28 L.Ed.2d 136 (1971); *Carnejo-Molina v. Immigration and Naturalization Service,* 649 F.2d 1145, 1151 (5th Cir. 1981); *Aalund v. Marshall,* 461 F.2d 710, 711 (5th Cir. 1972). For a general discussion of the judicial standard of review, see Gordon and Rosenfield, Immigration Law and Procedure § 8.15c (rev. ed. 1981).

The standard of review, as described by one court, is

a highly deferential one. It presumes agency action to be valid. *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 415, 91 S.Ct. 814, 823, 28 L.Ed.2d 136, 152 (1972); *Pacific States Box & Basket Co. v. White,* 296 U.S. 176, 185–186, 56 S.Ct. 159, 163–164, 80 L.Ed. 138, 146–147 (1935); *United States v. Chemical Foundation,* 272 U.S. 1, 14–15, 47 S.Ct. 1, 6, 71 L.Ed. 131, 142–143 (1926). Moreover, it forbids the court's substituting its judgment for that of the agency, *Citizens to Preserve Overton Park v. Volpe, supra,* 401 U.S. at 416, 91 S.Ct. at 823, 28 L.Ed.2d at 153, and requires affirmance if a rational basis exists for the agency's decision. *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.,* 419 U.S. 281, 290, 95 S.Ct. 438, 444, 42 L.Ed.2d 447, 458 (1974). *Cf. United States v. Allegheny-Ludlum Steel Corp.,* 406 U.S. 742, 749, 92 S.Ct. 1941, 1946, 32 L.Ed.2d 453, 460 (1972).

*Ethyl Corp. v. Environmental Protection Agency,* 541 F.2d 1, 34 (D.C.Cir.1976) (*en banc*). The basis of the agency's decision must be expressed by the agency and will not be supplied by the Court. As the Supreme Court recognized in *Bowman Transp.*

*v. Arkansas-Best Freight,* 419 U.S. 281, 285, 95 S.Ct. 438, 441, 42 L.Ed.2d 447 (1974): "While we may not supply a reasoned basis for agency action that the agency itself has not given, we will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *See also Suntex Dairy v. Block,* 666 F.2d 158 (5th Cir. 1982); *American Petroleum Institute v. Environmental Protection Agency,* 661 F.2d 340 (5th Cir. 1981).

Section 1182(d)(5)(A) of Title 8 of the United States Code grants the Attorney General discretion to "parole into the United States under such conditions as he may prescribe for emergent reasons or for reasons deemed strictly in the public interest any alien applying for admission into the United States. . . ." 8 U.S.C. § 1182(d)(5)(A) (1980). This section is generally utilized in instances where aliens, political refugees or otherwise, seek admission into this country. It authorizes the Attorney General in emergency situations to temporarily waive the usual requirements for entry into this country, and grant temporary harborage in the United States for humane considerations or for reasons rooted in public interest.[4]

The review of the Attorney General's decision to deny advance parole to plaintiff comes before this Court at a time when this country is once again being called upon to accept the destitute and the unwanted citizens of the world. For a multitude of reasons which include famine, drought, and political and economic oppression, thousands of aliens are seeking entrance into this Country. Many aliens enter this Country illegally, while others, plaintiff Perez included, and apparently they number into the thousands, seek entrance into this country legally through the Immigration and Naturalization laws. It is this backlog of aliens seeking legal entrance into this country that precipitated the Attorney General's decision to deny plaintiffs' request for immediate parole. The humanitarian grounds

---

**4.** For a discussion of the development of the parole power of the Attorney General, *see* Immigration Law And Procedure § 2.54 (rev. ed. 1981). *See also* 27 Geo.Wash.L.Rev. 373 (1959).

**624**

urged by the plaintiffs in support of the petition for advance parole were duly considered by the Attorney General in both his initial consideration and reconsideration of plaintiffs' request. Because there are many prospective immigrants in the same or similar position as plaintiff, however, the Attorney General was unable to conclude that the humanitarian factors present in plaintiff Perez's case compelled her admission into the United States prior to issuance of an immigrant visa. Despite plaintiffs' attack of the Attorney General's decision for failing to specifically refer to the cases which the Attorney General contended were similar to plaintiff Perez, this Court is unable to conclude that the Attorney General abused his discretion in denying plaintiff's request for advance parole. Accordingly, the Court grants the defendants' motion for summary judgment and denies the plaintiffs' motion for summary judgment.