**LENG MAY MA, Appellant,**

v.

**Bruce G. BARBER, District Director Immigration and Naturalization Service, San Francisco District, Appellee.**

**No. 14252.**

United States Court of Appeals
Ninth Circuit.

Feb. 5, 1957.

Jackson & Hertogs, Gordon Dale, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HEALY, BONE, and LEMMON, Circuit Judges.

HEALY, Circuit Judge.

This is an appeal from the denial by the court below of a petition for the writ of habeas corpus seeking a stay of deportation.

Petitioner is a native of China. She claimed acquisition of United States citizenship at birth on the statutory ground that her father was a United States citizen. She arrived in this country in 1951, and was by the Immigration Service accorded hearings on her claim but failed to establish her identity as a United States national to the satisfaction of the Service. Thereupon she was ordered to surrender for deportation to China. She petitioned the Service for a stay on the ground that she would be subjected to physical persecution and probable death if she were to return to China, seeking this relief on the basis of § 243(h) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1253(h), reading as follows:

"The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to physical persecution and for such period of time as he deems to be necessary for such reason."

The Service notified petitioner that no stay of deportation could be granted her inasmuch as aliens excluded from the United States are not eligible for relief under the above statute. She then brought this proceeding in habeas corpus.

The question for decision is whether an alien seeking admission to the United States is "within the United States" after his application for such admission has been decided against him. This court has recently held the contrary, stating that the status of such "person released by the immigration authorities on bond is still that of a person without the United States seeking admission." Jew Sing v. Barber, 9 Cir., 1954, 215 F.2d 906, 907, certiorari granted 348 U.S. 910, 75 S.Ct. 296, 99 L.Ed. 714, judgment vacated for mootness, 1955, 350 U.S. 898, 76 S.Ct. 175, 100 L.Ed. 790.

Some doubt is cast on our holding in Jew Sing because of the granting by the Supreme Court of certiorari therein, notwithstanding the subsequent vacation for mootness of this court's judgment. However, Jew Sing appears to us a much weaker case from the government's standpoint than that of the petitioner here. It appears that Jew Sing had resided continuously in the United States from 1921 until 1947, when he made a visit to China, returning to this country a few months later. He was refused admission and ordered deported, but was then paroled by the Service under bond to afford him an opportunity to petition for naturalization as an honorably discharged veteran of World War II. In the case now before us the petitioner had had no prior residence here. During her entire stay in this country she was enlarged only at the sufferance of the Immigration Service.

Considering all circumstances we are persuaded that the denial by the trial court of the writ of habeas corpus was not error, and its order is accordingly affirmed.