Hector R. GRAS, Plaintiff,

v.

Charles J. BEECHIE, District Director, and Horace C. Harris, Officer in Charge, Immigration and Naturalization Service, Defendants.

Civ. A. No. 14359.

United States District Court
S. D. Texas,
Houston Division.

March 11, 1963.

Sam Williamson, Houston, Tex., for plaintiff.

Woodrow Seals, U. S. Atty., and Morton L. Susman, Asst. U. S. Atty., Houston, Tex., for defendants.

INGRAHAM, District Judge.

The case is before the court on defendants' motion for summary judgment. Plaintiff, an Argentine citizen, entered this country as an Exchange Visitor on February 28, 1958. His entry was conditioned on his return, for a period of two years, to his home country or another country participating in the exchange program. Title 8 U.S.C.A. § 1182(e), as amended July 18, 1956, and subsequently, allows for a waiver of this condition upon a finding by the Immigration and Naturalization Service, concurred in by the Secretary of State and Attorney General, that the alien's departure would impose "exceptional hardship" on his spouse or children if they are American citizens or resident aliens. Plaintiff brings this action to review the defendants' finding of April 12, 1961, that his deportation would not cause such hardship to his resident alien wife and two citizen children.

■ Essentially the administrative finding was that the continued presence of plaintiff's children in the United States was necessary because their physical condition called for expert medical attention not available elsewhere, but that the children's mother is a biochemist who could readily find employment in the United States allowing sufficient remuneration, when supplemented by the plaintiff's probable salary in Argentina as a highly trained anesthetist, to allow her and the children to remain in this country. This being true the hardship alleged is enforced separation of the plaintiff from his family and not ground for a waiver under Section 1182(e). In this court the administrative action is challenged as arbitrary, unsupported by substantial evidence, arrived at by the use of material that made the proceedings inconsistent with the commands of the Immigration Laws and the Administrative Procedure Act, and finally that the constitutional rights of the children have been infringed.

There is no dispute about the historical facts which form the basis of the administrative decision. It is true that the plaintiff by affidavit has stressed the financial difficulties that his family would have, but there is no challenge of the finding that the wife and children would be able to stay in the United States even if the plaintiff must leave. Thus the real issue here is the application of the standard "exceptional hardship" to the facts as found. The application of such a broad standard is at the very borderline of fact and law. See Jaffe Judicial Review: Questions of Law, 69 Harv.L.Rev. 239, 246. As such it is in an area where the courts are reluctant to substitute their discretion for that of the administrative officials entrusted with the implementation of the immigration laws by Congress. In the case at bar it is far from clear that the defendants have acted arbitrarily.

■ Sec. 1182(e), supra, itself shows an attempt to balance the interests of the resident alien spouse and citizen children against those of the government in instituting the program which brought plaintiff to this country in the first place and the meaning to be given "exceptional hardship" can only be understood in this context. Thus it seems that the defendants reasoned that possible permanent physical harm to the children would be "exceptional" while the fact of separation, unfortunate though it is, is of a sufficiently lower order of hardship to take it out of the standard set up by Congress. The legislative history of Sec. 1182(e) which indicates that voluntary separation is not a fact to be considered in assessing the degree of hardship, see House Report 721, July 17, 1961, argues persuasively that the question before the court now is the type of borderline matter that Congress entrusted an administrative official to handle in his discretion. The history related in H.R. 721, supra, also points to the conclusion that the burden of proof on the plaintiff was to be a very high one. In light of this it cannot be said that the defendants' conclusion that the plaintiff did not meet that burden was arbitrary. Further evidentiary support for his conclusion can be found in the following facts: the plaintiff's wife had worked full time while he was still in this country; the more seriously ill of plaintiff's two children has already had the operation he required, his doctor has stated that he required a year of post operative care, that year will be up in April 1963; in May 1962 the plaintiff was given a stay of deportation until the end of February 1963, this covered the temporary condition of the child, during this period no further evidence has been presented to the defendants to show any change in conditions that argues for a further stay or final waiver of Sec. 1182(e).

■ Turning briefly to the plaintiff's other contentions: (1) it is clear that the defendants in assessing the weight to be given plaintiff's evidence could consider the policies Congress sought to have implemented. See United States ex rel. Hintopoulos v. Shaughnessy, 353 U.S. 72, 77 S.Ct. 618, 1 L.Ed. 2d 652; (2) the plaintiff mistakes the

thrust of 5 U.S.C.A. § 1002(a) (3), there is no requirement that regulations be issued construing every general standard administered by an agency, only that if issued they be published; (3) none of the children's constitutional rights have been infringed by the defendants.

Defendants' actions are supported by substantial evidence and their motion for summary judgment will be granted. The clerk will notify counsel to draft and submit judgment accordingly.