MATTER OF AMADO AND MONTEIRO

In Visa Petition Proceedings

A-18018518-9

*Decided by Board April 1, 1969*

Beneficiaries—the illegitimate children of the United States citizen petitioner's husband and two other women—whom petitioner has never seen, with whom she·has had no personal contact, and who live with their respective natural mothers, are not the stepchildren of petitioner under section 101(b)(1)(B), Immigration and Nationality Act, as amended, within the close-family-unit rationale of *Nation* v. *Esperdy*, 239 F. Supp 531 (1965). While the circumstances of the case fall within the ambit of *Andrade* v. *Esperdy*, 270 F. Supp. 516 (S.D. N.Y., 1967), the *Andrade* rationale (no close family unit) is not binding in cases, as the instant one, arising outside the jurisdiction of the Southern District of New York.

ON BEHALF OF PETITIONER:  Guy A. Scutell, Social Worker
Board of Higher Education
Division of Immigration and Americanization
73 Tremont Street
Boston, Massachusetts 02108

The cases come forward on appeal from the order of the District Director, Boston District, dated January 10, 1969 denying the visa petitions for the reasons that the petitioner has failed to establish that the relationship of stepmother and stepchildren exists between the petitioner and the beneficiaries.

The petitioner, a native of Portugal, a naturalized citizen of the United States, 38 years old, female, seeks immediate relative status on behalf of the beneficiaries as her stepchildren. The beneficiaries are natives and citizens of Portugal. The female beneficiary was born November 16, 1953 and the male beneficiary was born May 14, 1956. The petitioner and her husband, the putative father of the beneficiaries, were married on June 13, 1959 at Duxbury, Massachusetts.

The birth certificate of the female beneficiary shows that she was born on November 16, 1953, the illegitimate daughter of Domingos Barbosa Amado, single; and that the inscription was

made by the declaration of the father. The birth certificate of the male beneficiary shows that he was born on May 14, 1956, the illegitimate son of Francisca Monteiro, single; and that the declaration of birth was made by the mother.

A memorandum in the file dated December 18, 1968 discloses that the petitioner has never seen either child and that they are living with their respective natural mothers. The putative father said that he had not seen the children since 1956 when he came to Brazil. He claims that the beneficiaries are living with his father in the Cape Verde Islands. The natural father exhibited receipts for money sent to a school in the Cape Verde Islands covering the period from 1965 to 1967 but the receipts do not indicate that the payments were to the children. He has never legitimated these children. The husband stated that the children have never met his wife, the petitioner, and have never lived with them in their home or elsewhere.

The cases are to be distinguished from *Nation v. Esperdy*, 239 F. Supp. 531 (S.D.N.Y. 1965). In that case the beneficiary was abandoned by her mother in infancy, the plaintiff commenced caring for the beneficiary in 1949 and married the beneficiary's natural father in 1952 when the beneficiary was five years old. As soon as the plaintiff became a naturalized citizen in 1962, she immediately thereafter petitioned for the beneficiary's admittance on a nonquota visa. The court ruled that, since the plaintiff, her husband, and the beneficiary had concededly made up a close family unit, on the facts of that case the child should properly be regarded as the plaintiff's stepchild within the meaning of section 101(b)(1)(B) of the Immigration and Nationality Act. While we have adopted the rationale of *Nation* and now apply it where the facts spell out a close family unit, *Matter of The*, 11 I. & N. Dec. 449 (1965), that is not the situation here.

In the instant case, the petitioner has never seen the beneficiaries and has testified that they are both living with their natural mothers. The petitioner was naturalized in 1957 and married her husband in 1959. During the interval between her marriage until the visa petition was filed on November 7, 1967, the petitioner has not had any personal contact with the beneficiaries. The father has not seen the beneficiaries since 1956. Under these circumstances, since the petitioner and the beneficiaries never made up a close family unit, the rule of *Nation* does not apply.

It is true that in *Andrade v. Esperdy*, 270 F. Supp, 516 (S.D. N.Y., 1967), a decision by another judge of the same district, the *Nation* rule was extended to a situation where, as here, there had

never been a close family unit. Were we to accept the *Andrade* conclusion as a rule of general applicability, we would sustain the appeal in these cases.

With all due respect to the *Andrade* court, we do not accept its opinion as definitive on this issue. As we recently pointed out in *Matter of Lim*, Interim Decision No. 1947 (March 13, 1969), the fact that a lower federal court has rejected a legal conclusion of this Board does not require us to recede from that conclusion in other jurisdictions. Similarly, the Government's failure to appeal for the adverse decision in *Andrade* does not of itself indicate acquiescence. While we must apply the *Andrade* rule in cases which arise in the Southern District of New York, we are not so bound in cases arising in other jurisdictions. Conceivably, reviewing courts in other jurisdictions may agree with our reading of the statute.

In *Matter of Soares*, 12 I. & N. Dec. 653, (1968), we pointed out why we doubted that Congress intended the result reached in *Andrade*. For the reasons stated in *Matter of Soares*, we will dismiss this appeal.

ORDER: It is ordered that the appeal be and it is hereby dismissed.