Michael **DAYAO**, an infant, By his mother and next friend, Norma Dayao, Plaintiff,

v.

Joe F. **STALEY**, District Director, Immigration and Naturalization Service, Defendant.

Civ. A. No. 68–H–723.

United States District Court
S. D. Texas,
Houston Division.

Aug. 8, 1969.

Sam Williamson, Houston, Tex., for plaintiff.

George Pain, Asst. U. S. Atty., Houston, Tex., for defendant.

### Memorandum and Order

SINGLETON, District Judge.

Plaintiff, a minor, is a citizen of the United States by birth. This action is brought on his behalf by his parents as next friends. His parents are aliens who entered this country under an exchange program with the condition that after receiving training in this country they would work in their native country, the Republic of Philippines, or some other underdeveloped country for two years before seeking permanent residence in the United States. When the time came for them to leave, plaintiff's parents sought permission to remain in this country as permanent residents. Permission was denied because they had not complied with the agreement that they would work outside the country. Subsequently, plaintiff was born and his parents once again applied to the Immigration and Naturalization Service (hereinafter called "I & NS") for permission to remain in the country. This time they based their request on the fact that their child was a citizen. The I & NS denied this request, and plaintiff's parents filed this action on behalf of their child. In the interim the parents have appealed to the Board of Immigration Appeals. However, the complaint raises no issue with the appeal. It does not attack the I & NS decision as being "arbitrary" or an "abuse of discretion." Nor does the complaint assert that any of the parent's rights have been violated by the I & NS order. It is, of course, to the parents that the I & NS order is directed.

Plaintiff seeks an injunction against the District Director of I & NS preventing the director from deporting his parents. It is contended that the deportation of the alien parents will result in an invasion of the minor plaintiff's rights as a citizen. Because of the tender age of plaintiff, he would be forced to leave the country with his parents and return to the Republic of Philippines. This would subject plaintiff to both personal and political deprivations. He would be forced to forego all of the health, educational, and economic advantages of the United States upon returning to the Philippines. And, of course, he would be deprived of various constitutional protections to which he is entitled as a citizen of the United States.

This action is now before the Court on defendant's motion to dismiss. Plaintiff has not responded to the motion. The basis of defendant's motion to dismiss is a lack of jurisdiction by this Court over the subject matter of the suit. Defendant contends that the statutes on which plaintiff relies do not provide a basis for jurisdiction.

Plaintiff's complaint bases jurisdiction on the Declaratory Judgment Act, 28 U.S.C. § 2201 (1959), and the Administrative Procedure Act, 5 U.S.C. § 702 (1967). Defendant contends that neither of these statutes confer jurisdiction on this Court over the matters at hand.

■ The Declaratory Judgment Act does not confer jurisdiction on this Court. That Act is designed to enable a court to declare the rights of adverse parties to a lawsuit even though that suit may not have ripened to the point at which an affirmative remedy is needed. Relief thereunder is premised on the existence of a judicially remediable right. The Act, itself, does not confer an independent source of jurisdiction. Therefore, unless plaintiff can point the Court to a statute which empowers the Court to adjudicate the parties' rights in the present case, the Declaratory Judgment Act is of no avail. See United States v. Smith, 393 F.2d 318 (5th Cir. 1968); Cadillac Publishing Co. v. Sum-

merfield, 227 F.2d 29 (D.C.Cir.1955); Goldstein v. Johnson, 184 F.2d 342 (D. C.Cir.1950).

Section 702 of the Administrative Procedure Act provides:

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

In order for plaintiff to invoke the jurisdiction of this Court for judicial review of the I & NS order, he must show that he has suffered a "legal wrong because of agency action" or that he has been "adversely affected by agency action within the meaning of a relevant statute."

■ The phrase "legal wrong" under the Act means the invasion of a legally protected right. Braude v. Wirtz, 350 F.2d 702 (9th Cir.1965). The Court must determine then if plaintiff has a legally protected right to be free of the effects ascribed to the I & NS determination.

■ The question under the circumstances of this case is whether the deportation of plaintiff's parents is a legal wrong to plaintiff within the meaning of 5 U.S.C. § 702 (1965). The cases deciding this point do not undertake any extensive discussion. In Mendez v. Major, 340 F.2d 128 (8th Cir.1965) the Court said:

"The contention of appellants that to enforce the two year residence abroad requirement would be in violation of their United States citizen son's constitutional rights is without substance. There is no doubt that Congress has the power to determine the conditions under which an alien may enter and remain in the United States * * * even though the conditions may impose a certain amount of hardship upon an alien's wife or children." Mendez v. Major, supra, at 131. See also Gras v. Beechie, 221 F.Supp. 422 (S.D.Tex.1963); United States ex rel. Hintopoulos v. Shaughnessy, 353 U.S.

72, 77 S.Ct. 618, 1 L.Ed.2d 652 (1957); Swartz v. Rogers, 103 U.S. App.D.C. 1, 254 F.2d 338 (1958).

The I & NS order is directed toward the alien parents. It has no binding legal effect upon plaintiff. The parents do not challenge the validity of the order as it affects them. The mere allegation by plaintiff that his constitutional rights have in some way been infringed is not sufficient to invoke the jurisdiction of this Court. Not only has plaintiff failed to show that he has suffered a "legal wrong" by virtue of the I & NS decision, in addition he does not show that he has been "adversely affected or aggrieved by such action within the meaning of any relevant statute." Plaintiff has not indicated to the Court any relevant statute which would support his claim to have been "adversely affected or aggrieved" by the agency action. Braude v. Wirtz, *supra*, at 706–708.

The Court must therefore conclude that plaintiff's allegations are insufficient to show that he has suffered a "legal wrong" or that he has been "adversely affected or aggrieved * * * within the meaning of any relevant statute", and that as a necessary result plaintiff is without standing to sue.

Federal District Court is a court of limited jurisdiction. Jurisdiction of this Court must be conferred by federal statute. 1 Barron & Holtzoff, Federal Practice 84 (Wright ed. 1960); 1 Moore, Federal Practice § 0.60 (2d ed. 1964). The burden is on the person invoking the jurisdiction of the Court to establish that the Court has jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). Plaintiff has not sustained that burden.

Therefore, for the reasons set forth above, defendant's motion to dismiss for want of jurisdiction should be granted.

The Clerk will notify the United States Attorney to draft an appropriate judgment in accordance with this Memorandum and Order for submission to the Court by August 25, 1969, after first obtaining approval of opposing counsel.