Mary Moore AALUND et al.

v.

E. DeWitt MARSHALL, District Director
of Immigration and Naturalization.

Civ. A. No. 6825.

United States District Court,
E. D. Texas,
Beaumont Division.
March 18, 1971.

Alto V. Watson, Beaumont, Tex., for petitioners.

Robert H. Nicholas, Jr., Asst. U. S. Atty., Beaumont, Tex., for respondent.

## MEMORANDUM OPINION AND ORDER

JOE J. FISHER, Chief Judge.

Petitioners, Mary Moore Aalund, and her two minor children, Karen Elizabeth Aalund and Martin Peter Aalund, citizens of the United Kingdom of Great Britain, and her minor son, Gordon Richard Aalund, and the father of the minor children, Carl Viggo Aalund, citizens of the United States, are before this Court by an Application for Writ of Habeas Corpus [1] to set aside an Order of Deportation of Mary Moore Aalund.

On April 3, 1968, Petitioners, Mary Moore Aalund, Karen Elizabeth Aalund and Martin Peter Aalund, entered the United States as non-immigrant visitors authorized to remain until July 3, 1968. When Petitioners failed to depart by the

---

[1]. 8 U.S.C.A. § 1105a(a) (9). "Any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings."

appointed date, they were granted the added privilege of voluntarily departing before January 8, 1969. This, they also failed to do, choosing instead to remain in this country without authorization. On February 18, 1969, Mary Moore Aalund gave birth to Gordon Richard Aalund in the City of Beaumont, Texas.

On March 14, 1969, Petitioner, Mary Moore Aalund, individually, was served with a notice ordering her to show cause why she should not be deported from the United States at a hearing entitled "In Deportation Proceedings under Section 242 of the Immigration and Nationality Act." On April 16, 1969, the hearing was conducted by a Special Inquiry Officer of the Immigration and Naturalization Service, and in the course of this hearing Petitioner admitted to having remained in the United States without authorization and further admitted to having been involved in meretricious relationship with Petitioner, Carl Viggo Aalund, father of the three minor children also named as petitioners. The Petitioner, Mary Moore Aalund, was found to be a deportable person,[2] and because of the meretricious relationship with Petitioner, Carl Viggo Aalund, a married man, she was denied the privilege of voluntarily departing.[3]

An appeal was made to the Board of Immigration Appeals and was denied and dismissed by an order dated July 14, 1969.[4] A Deportation Notice was issued August 17, 1970, advising Petitioner, Mary Moore Aalund, that arrangements had been made for her departure, together with the three minor children on August 21, 1970. Petitioner, Mary

Moore Aalund, could have availed herself of a direct appeal to the Court of Appeals for the Fifth Circuit for judicial review of the Order of Deportation not later than six months from July 24, 1969, the date of the final Deportation Order.[5] However, no action was taken until August 20, 1970, at which time the Petitioners filed the Application for Writ of Habeas Corpus to set aside the Order of Deportation.

It is the contention of the three minor children that they have been ordered deported de facto since they must of necessity accompany their mother and were not afforded a hearing. Petitioner, Carl Viggo Aalund, challenges the Order of Deportation on the grounds that in the event the minor children accompany their mother, he will be put to great expense and inconvenience in attempting to visit these children.

These contentions are without merit because no deportation order has been entered affecting the three minor children, and any departure by them will be voluntary. That they were included in the notice to report for deportation served upon their mother, merely points to the generosity of the Government in that it would cost Petitioner, Mary Moore Aalund, nothing to take them with her. In this setting the citizenship of the children has no relevancy, and under existing proceedings they cannot be forced to depart. The mere fact that the minor children were mentioned in the Notice of Deportation fails to invoke the jurisdiction of this Court as does any allegation of possible inconvenience

---

2. 8 U.S.C.A. § 1251(a) (2). Alien in the United States in violation of the law.

3. 8 U.S.C.A. § 1101(f) (2). One who, during such period in which good moral character is required, has committed adultery.

    8 U.S.C.A. § 1254(e). " * * * to depart voluntarily from the United States at his own expense in lieu of deportation if such alien shall establish to the satisfaction of the Attorney General that he is, and has been, a person of good moral character for at least five years immedi-

ately preceding his application for voluntary departure."

4. "Based upon the facts stated above, the privilege of voluntary departure will be denied as a matter of administrative discretion. Since the Respondent's deportability as charged has been established and since she is not entitled to any form of discretionary relief under the immigration laws, there is no alternative but to dismiss her appeal."

5. 8 U.S.C.A. § 1105a(a) (1), (2), (3) and (4).

caused the Petitioner, Carl Viggo Aalund, in the event his minor children do accompany their mother. Dayao v. Staley, 303 F.Supp. 16 (S.D.Tex.1969), aff'd, 424 F.2d 1131 (5th Cir. 1970); Perdido v. Immigration and Naturalization Service, 420 F.2d 1179 (5th Cir. 1969). In *Dayao* and *Perdido* the Court discussed in detail the jurisdictional limitations imposed on the federal courts with respect to review of any action taken by a governmental agency and the requirement that those attempting to invoke the jurisdiction of the Court to review such action must show an invasion of a legally protected right arising from the action complained of.

■ The contentions of Petitioner, Mary Moore Aalund, go to the fairness of the hearing afforded her on April 16, 1969, in that she was not provided with counsel at government expense and that matters of which she had no notice were made the subject of an inquiry at the hearing, to-wit, the meretricious relationship between her and Carl Viggo Aalund. There can be no doubt that she has invoked the jurisdiction of the Court, 8 U.S.C.A. § 1105a(a) (9); however, her allegations fail to sustain her claim that the Order of Deportation is void. In Murgia-Melendrez v. United States Immigration and Naturalization Service, 407 F.2d 207 (9th Cir. 1969), it was held that in a deportation proceeding there is no right to court-appointed counsel. There is no contention that Petitioner was denied the right to be represented by counsel at the hearing of April 16, 1969. The record of that proceeding reflects that Petitioner was asked if she wished to postpone the hearing until such time as she could obtain counsel; this, she indicated she did not desire. The failure of Petitioner to be represented by counsel at the hearing could not in any way affect the finding of the Special Inquiry Officer that Petitioner,

Mary Moore Aalund, was a deportable alien.

■ The second contention of Petitioner, Mary Moore Aalund, is that by inquiring into the nature of the relationship which existed between her and Carl Viggo Aalund without prior notice, and without benefit of counsel, the Petitioner was denied a fair hearing on her request for the maximum administrative relief available, namely, voluntary departure. From a reading of the transcript of evidence it appears that Petitioner, Mary Moore Aalund, chose to proceed without counsel, was treated with fairness by the Special Inquiry Officer, and spoke somewhat freely and with a seemingly feeling of pride in her meretricious relationship with Carl Viggo Aalund.[6]

■ The privilege of voluntary departure is a discretionary form of relief available to certain persons found to be deportable.[7] The inquiry made in the hearing ran to the availability of this form of relief, which was denied by the Special Inquiry Officer. In fact, the nature of this relationship was such that by statute Petitioner, Mary Moore Aalund, was ineligible for the privilege of involuntary departure. In light of these statutes, the inquiry turns to the relief, if any, which this Court, in its discretion, might afford Petitioner by way of a voluntary departure.

This Court is of the opinion that it may not substitute its judgment for that of the administrative agency, in this case, the Immigration and Naturalization Service. Jarecha v. Immigration and Naturalization Service, 417 F.2d 220 (5th Cir. 1969). The Special Inquiry Officer had ample evidence upon which to base the denial of the privilege of voluntary departure to the Petitioner, Mary Moore Aalund, and his order is supported by substantial evidence.

6. No effort apparently has ever been made by Petitioners, Mary Moore Aalund and Carl Viggo Aalund, to conceal their true relationship.

7. 8 U.S.C.A. § 1254(e) as read with 8 U.S. C.A. § 1101(f) (2). See Footnote (3).

Petitioner has been in this country without authorization for a considerable period of time and has failed to avail herself of a previous grant of the privilege of a voluntary departure. There is little to suggest that were she permitted to leave voluntarily, she would do so. Her immoral character as defined by the statute is unquestioned.

It is ordered, adjudged and decreed that the Application for Writ of Habeas Corpus be, and the same is hereby denied as to each and every Petitioner.