MATTER OF MELENDEZ

In Deportation Proceedings

A–20852165

A–20852166

*Decided by Board October 20, 1976*

Respondents, the alien parents of a United States citizen child, have no constitutional right to remain in the United States in violation of the immigration laws merely because of the existence of the citizen child. Notwithstanding the instant case falls within the ambit of *Acosta* v. *Gaffney*, 413 F. Supp. 827 (D. N.J., 1976), and arises within the jurisdiction of that District Court, the *Acosta* ruling (holding unconstitutional the deportation of parents of a United States citizen minor child) is not binding in the instant case because that ruling, which is presently pending before the United States Court of Appeals for the Third Circuit, has not become final.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251 (a)(2)]—Nonimmigrant visitor for business—remained longer (male respondent)

Nonimmigrant visitor for pleasure—remained longer (female respondent)

ON BEHALF OF RESPONDENT:
Franklin S. Abrams, Esquire
Abrams & Abrams
One Penn Plaza
New York, New York 10001

ON BEHALF OF SERVICE:
Farel Bond
Trial Attorney

This is an appeal from an immigration judge's decision dated June 18, 1976, denying the respondents' motion to reopen the proceeding. The appeal will be dismissed.

The respondents, natives and citizens of Colombia, were married in their native country in December 1972, and entered the United States separately, the husband in January 1973 and the wife in January 1974. Subsequent to entry, a child was born to the couple. Both respondents remained in the United States beyond the time authorized and deportation proceedings were initiated, at which both conceded deportability and were granted 75 days voluntary departure. Prior to the expiration of this period, the respondents moved for a reopening of the deportation proceedings on the basis of the decision in *Acosta* v. *Gaffney*, 413 F.

Supp. 827 (D. N.J. 1976), appeal docketed, No. 76–2094, 3d Cir., holding unconstitutional the deportation of parents of a United States citizen minor child. The immigration judge denied the motion on the ground that the case was not binding upon him, and the respondents appealed.

In *Acosta* v. *Gaffney*, *supra*, the trial judge emphatically rejected the prevailing doctrine of the Board and various United States Courts of Appeals and held, under the factual situation of that case, that the deportation of alien parents constituted an unconstitutional violation of the rights of their United States citizen child. The present case arises in the same jurisdiction as did *Acosta*.

It has been well established that the deportation of alien parents will not deprive a minor citizen child of his constitutional rights. *U.S. ex rel. Hintopoulos* v. *Shaughnessy*, 353 U.S. 72 (1957); *Aalund* v. *Marshall*, 461 F.2d 710 (5 Cir. 1972); *Perdido* v. *INS*, 420 F.2d 1179 (5 Cir. 1969); *Mendez* v. *Major*, 340 F.2d 128 (8 Cir. 1965); *Application of Amoury*, 307 F. Supp. 213 (S.D.N.Y. 1969); *Dayao* v. *Staley*, 303 F. Supp. 16 (S.D. Tex. 1969), aff'd *per curiam*, 424 F.2d 1131 (5 Cir. 1970). Whatever rights the child may have under the Constitution do not authorize the respondents to remain here in violation of the immigration laws. *Matter of Anaya*, Interim Decision 2243 (BIA 1973), aff'd *Anaya-Perchez* v. *INS*, 500 F.2d 574 (5 Cir. 1974); *Matter of Lopez*, Interim Decision 2224 (BIA 1973).

On appeal, the respondents' counsel contends that the immigration judge was bound by *Acosta* v. *Gaffney*, *supra*, and should be required to follow the decision of the United States District Court in all cases arising within the same district. We note that, in *Matter of Amado and Monteiro*, 13 I. & N. Dec. 179 (BIA 1969), we stated that we were obliged to apply a ruling of a district court (which had become final) in subsequent cases arising within that court's jurisdiction. Here we are dealing with a different situation. In the *Acosta* case, on which counsel relies, an appeal is presently pending before the United States Court of Appeals for the Third Circuit. Therefore, we shall continue to adhere to the doctrine enunciated in our previous decisions. *Matter of Anaya*, *supra*; *Matter of Lopez*, *supra*.

The appeal will be dismissed.

**ORDER:** The appeal is dismissed.