**Pauline PALMER, Plaintiff-Appellant,**

v.

**John J. REDDY, District Director at Helena, Montana, Immigration & Naturalization Service, United States Department of Justice, Defendant-Appellee.**

No. 78–2247.

United States Court of Appeals,
Ninth Circuit.

July 7, 1980.

Richard Ganulin, Montana Legal Services Association, Great Falls, Mont., for plaintiff-appellant.

Lorrain D. Gallinger, Asst. U. S. Atty., Billings, Mont., for defendant-appellee.

Before KENNEDY and SCHROEDER, Circuit Judges, and McNICHOLS,* District Judge.

KENNEDY, Circuit Judge:

Pauline Palmer, an American citizen, married John Palmer, who had an illegitimate daughter, one Ina May Palmer. Pauline applied for a visa preference for her stepdaughter Ina May, in reliance upon 8 U.S.C. § 1101(b)(1)(B). The statute provides:

(b) As used in subchapters I and II of this chapter—

(1) The term "child" means an unmarried person under twenty-one years of age who is—

.    .    .    .    .

---

* Honorable Ray McNichols, United States District Judge for the District of Idaho, sitting by designation.

(B) a stepchild, whether or not born out of wedlock, provided the child had not reached the age of eighteen years at the time the marriage creating the status of stepchild occurred; . . .

Notwithstanding the unqualified language of the statute, the Immigration and Naturalization Service (INS) has applied an interpretative gloss to the statute and attaches conditions to the grants of visa preference to stepchildren. When it acted upon the visa in this case, the INS denied it and was sustained by the district court on the ground that Ina May "was not part of a close family unit with Pauline and John Palmer [and] she had never resided with them." Pending this appeal, the Board of Immigration Appeals decided *Matter of Moreira*, Interim Decision No. 2720 (Bd. Imm.App. July 16, 1979). There the test is set forth as follows:

> [A] steprelationship will be recognized for immigration purposes only where the stepparent has shown an interest in the stepchild's welfare prior to that child's eighteenth birthday, either by permitting the child to live in the family home and caring for him as a parent, or, if the child did not live with the stepparent, by demonstrating an active parental interest in the child's support, instruction and general welfare.

*Id.*, slip op. at 7.

█ We conclude that neither of the formulations which attached conditions to the issuance of visas to stepchildren is authorized by the statute. Previous decisions have exhaustively studied the legislative history of the statute and concluded that visa preference is available to stepchildren as a class without further qualification. *See Hyppolite v. Sweeney*, Civ.No. 77–1865 (S.D.Fla. Jan. 6, 1979); *Andrade v. Esperdy*, 270 F.Supp. 516 (S.D.N.Y.1967); *Nation v. Esperdy*, 239 F.Supp. 531 (S.D.N.Y.1965). We follow these decisions. We interpret "stepchild" literally and hold that it is not impliedly restricted by the INS or its interpretation of the subsequent section 1101(b)(1)(D).

REVERSED.