MATTER OF McMILLAN

In Visa Petition Proceedings

A-22511152
A-22511133

*Decided by Board January 13, 1981*

(1) Persons who become stepchildren through the marriage of a natural parent prior to their eighteenth birthday are entitled to visa preference as a class under section 101(b)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. 1101(b)(1)(B), without further qualification. The Ninth Circuit rule in *Palmer* v. *Reddy*, 622 F.2d 463 (9 Cir. 1980), previously adopted by the Board in cases arising within that jurisdiction in *Matter of Bonnette*, Interim Decision 2840 (BIA 1980), will be applied nationwide. *Matter of Moreira*, Interim Decision 2720 (BIA 1979), and *Matter of Moreira*, Interim Decision 2792 (BIA 1980), overruled.

(2) The beneficiaries, illegitimate offspring of the petitioner's husband, qualified as stepchildren of the petitioner within the meaning of section 101(b)(1)(B) upon the marriage of the petitioner and the beneficiaries' natural father when the beneficiaries were under eighteen years of age.

ON BEHALF OF PETITIONER: Pro se

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

In a decision dated July 23, 1980, the Acting District Director denied the visa petitions filed by the United States citizen petitioner to accord the beneficiaries immediate relative status as her stepsons pursuant to section 201(b) of the Immigration and Nationality Act, 8 U.S.C. 1151(b). The petitioner has appealed from that decision. The appeal will be sustained and the visa petitions will be approved.

The record reflects that the beneficiaries, twin brothers, were born in London, England, on July 26, 1962, to the petitioner's husband and a woman who was not then and never became his wife. The beneficiaries' natural mother abandoned them when they were infants and they have since resided with their paternal grandmother in Grenada, West Indies. The petitioner and the beneficiaries' father married in March 1964. The Acting District Director determined that the beneficiaries do not qualify as stepchildren of the petitioner within the meaning of the Act (*see* section 101(b)(1), 8 U.S.C. 1101(b)(1)) inasmuch as the peti-

tioner failed to establish the existence of a close family relationship between herself, her husband, and the beneficiaries.

Section 101(b)(1)(B) of the Act includes within the definition of the term "child": ". . . a stepchild, whether or not born in wedlock, provided the child had not reached the age of eighteen years at the time the marriage creating the status of stepchild occurred; . . ." In construing section 101(b)(1)(B), we have long adhered to the view that given the underlying Congressional policy of reuniting families, the mere fact of a marriage which technically creates a steprelationship does not in itself establish a stepparent-stepchild relationship for purposes of the immigration laws. We had until recent date imposed the additional requirement, apparently applied by the Acting District Director in the instant case, that a close family unit be shown to exist between the stepparent, the stepchild, and the natural parent. *See Nation v. Esperdy,* 239 F.Supp. 531 (S.D.N.Y. 1965); *Matter of The,* 11 I&N Dec. 449 (BIA 1965).[1]

We recently reexamined that position in *Matter of Moreira,* Interim Decisions 2720 and 2792 (BIA 1979 and 1980), and established a new standard that modified to some extent the close family unit test. After careful review of relevant legislative history and pertinent Board and court decisions,[2] we held that a steprelationship exists for immigration purposes where, prior to the stepchild's eighteenth birthday, the stepparent not only married the child's natural parent but evinced an active parental interest in the child's support, instruction and general welfare.

In *Palmer v. Reddy,* 622 F.2d 463 (9 Cir. 1980), the United States Court of Appeals for the Ninth Circuit specifically rejected both the *Moreira* "active parental interest" test and its predecessor, the "close family unit" rule, concluding that persons who become stepchildren through the marriage of a natural parent prior to their eighteenth birthday are entitled to visa preference as a class under section 101(b)(1)(B) without further qualification. We found ourselves bound to follow *Palmer v. Reddy, id.,* in *Matter of Bonnette,* Interim Decision 2840 (BIA 1980), a subsequent case arising in the Ninth Circuit.

We have now determined, with some reluctance, to retreat from our position in *Matter of Moreira, supra,* and to apply the holding in *Palmer v. Reddy, supra,* nationwide. The difficulties inherent in the

---

[1] In *Andrade v. Esperdy,* 270 F.Supp. 516 (S.D.N.Y. 1967), another judge of the same judicial district that decided the *Nation* case, the Southern District of New York, struck down the close family unit requirement in cases arising within that jurisdiction. We declined to apply *Andrade* outside the Southern District of New York. *Matter of Amado and Monteiro,* 13 I&N Dec. 179 (BIA 1969).

[2] For a full discussion of the legislative history and case law development of the stepchild provision, *see Matter of Moreira,* Interim Decision 2720 (BIA 1979).

literal interpretation given section 101(b)(1)(B) by the Ninth Circuit are manifest. *See generally* concurring opinion of Board Member Appleman in *Matter of Bonnette, supra.* However, the Ninth Circuit is the only Circuit Court of Appeals to have construed the stepchild provision thus far. The Government appears to have acquiesced in the Ninth Circuit's interpretation of section 101(b)(1)(B). We shall accordingly adopt that interpretation as controlling outside as well as within the Ninth Circuit.

The record establishes that the petitioner married the beneficiaries' natural father when the beneficiaries were 20 months of age. Under the rule of *Palmer* v. *Reddy*, the beneficiaries thereupon qualified as stepchildren of the petitioner within the meaning of section 101(b)(1)(B) and are entitled to immediate relative status as the children of a United States citizen. The visa petitions will be approved.

ORDER: The appeal is sustained and the visa petitions are approved.